[No. A122583. First Dist., Div. Three. Aug. 18, 2009.]

In re ROBERT T. PRESTON on Habeas Corpus.

Counsel

James Bradley O'Connell, under appointment by the Court of Appeal, for Petitioner Robert T. Preston.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Respondent State of California.

Opinion

McGUINESS, P. J.—Robert T. Preston petitions for postconviction relief challenging the sentence imposed by the trial court after his conviction for felony possession of counterfeiting apparatus. The court imposed an aggravated term of four years on the substantive offense and consecutive terms of one year for each of five prior prison terms pursuant to Penal Code section 667.5, subdivision (b). Preston presents various arguments in support of his contention that the court exceeded its jurisdiction by imposing sentence enhancements on the three earliest prior prison terms. We disagree, and conclude that the trial court properly imposed the sentence enhancements. Accordingly, we deny the petition for writ of habeas corpus.

FACTUAL AND PROCEDURAL HISTORY[1]

In case No. VCR178564, a jury convicted Preston of a felony violation of making or possessing a counterfeit die or apparatus. The trial court found true that Preston had served five prior prison terms imposed in 1976, 1978, 1981, 1990 and 2000[2] within the meaning of Penal Code[3] section 667.5, subdivision (b) (section 667.5(b)).[4] In case No. VCR178654, Preston pleaded no

---

[1] As part of his current petition, Preston requests that we take judicial notice of the record in his prior direct appeal (*People v. Preston* (Dec. 18, 2007, A115440) [nonpub. opn.]) and his prior habeas corpus petition (*In re Preston* (June 6, 2008, A121657)). In the absence of opposition, we grant the request for judicial notice. The background facts are taken, in part, from the judicially noticed documents.

[2] Because some of the prison terms were for multiple convictions on different dates, we will follow Preston's nomenclature and refer to them by the dates of the prison commitments as shown by the trial exhibits.

[3] All further unspecified statutory references are to the Penal Code.

[4] Section 667.5 reads, in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] . . . [¶] (b) . . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this

contest to petty theft with a prior conviction, and the prior prison term allegations were again found true.

The court imposed a nine-year aggregate prison term in case No. VCR178564 consisting of the aggravated term of four years for possession of counterfeiting apparatus, and five one-year prior prison term enhancements. In case No. VCR178654, the court imposed a concurrent aggravated three-year term. Preston objected to the court's imposition of the enhancements for the three earliest prior prison terms imposed in 1976, 1978, and 1981. He argued that no additional punishment could be imposed for those prior prison terms because he had been paroled from the Department of Corrections and Rehabilitation (DCR)[5] in September 1981 and had remained free from prison custody for more than five years until he was reimprisoned for his commission of two burglaries in 1989. The court rejected the argument, noting that after Preston had been released on parole in 1981, he was returned to DCR custody for parole violations that led to parole revocation on two occasions in 1985.[6] Therefore, the court found that the enhancements were authorized as Preston had not been free of prison custody for the required five-year period.

On December 18, 2007, we affirmed Preston's conviction in an unpublished opinion. (*People v. Preston, supra,* A115440.) On direct appeal, Preston challenged the legality of his sentence on the ground that his nine-year sentence violated *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856]. He did not argue that the trial court exceeded its jurisdiction by imposing section 667.5(b) enhancements for the three earliest prior prison terms.

On May 30, 2008, Preston filed his first habeas corpus petition in this court seeking to strike the section 667.5(b) enhancements for the three earliest prior prison terms on the ground that the trial court exceeded its authority by

subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[5] At the time Preston was incarcerated in 1976, 1978, and 1981, the prison authority was known as the Department of Corrections. The prison authority is now known as the Department of Corrections and Rehabilitation.

[6] The record shows that on August 26, 1985, Preston's parole was revoked for absconding and related offenses and he was returned to custody for three months. While he was in custody, additional theft and weapons possession charges were filed and on October 2, 1985, Preston's parole was again revoked and he was returned to custody for two additional months, with a start date effective September 25, 1985, and a revocation release date of November 25, 1985. For both parole revocations, Preston was confined in the San Francisco County jail, and not a state prison or other DCR facility. There is no indication in the record that criminal charges were ever filed against Preston based on the offenses leading to the violations of his parole. He was discharged from parole on December 25, 1986.

imposing the additional punishment. We denied the petition without prejudice to Preston's refiling the petition in the superior court. (*In re Preston, supra,* A121657).) Preston's request for relief in the superior court was denied. On September 5, 2008, he filed this current petition. After appointing habeas corpus counsel for Preston and requesting informal briefing by the parties, we summarily denied the petition.

On December 17, 2008, the California Supreme Court granted Preston's petition for review of our summary denial. The matter was transferred back to us with instructions that we vacate our November 6, 2008, order denying the petition and issue an order directing the Solano County Superior Court to show cause why Preston's request for habeas corpus relief should not be granted. The Attorney General, representing the Solano Superior Court, filed a return to the petition, Preston filed a traverse to the return, and we heard argument.

## DISCUSSION

### I. *Preston's Petition Presents Cognizable Claims for This Court's Consideration*

■ Contrary to the Attorney General's contention, Preston's challenge to the imposition of section 667.5(b) enhancements for the three earliest prior prison terms is properly before us. As a general rule, habeas corpus relief is not available for claims that either were raised or could have been raised on direct appeal. (*In re Waltreus* (1965) 62 Cal.2d 218, 225 [42 Cal.Rptr. 9, 397 P.2d 1001]; *In re Dixon* (1953) 41 Cal.2d 756, 759–761 [264 P.2d 513].) However, an exception to the general rule applies in this case. Habeas corpus relief may be sought to resolve whether "the trial court 'exceeded its jurisdiction by sentencing a defendant "to a term in excess of the maximum provided by law" [citation], or to correct a misinterpretation of [a] statute resulting in confinement "in excess of the time allowed by law" [citation] . . . .' [Citation.]" (*In re Harris* (1989) 49 Cal.3d 131, 134, fn. 2 [260 Cal.Rptr. 288, 775 P.2d 1057]; see *In re Crockett* (2008) 159 Cal.App.4th 751, 758–759 [71 Cal.Rptr.3d 632] [failure to appeal conviction is no bar to habeas corpus petition based on claim that the trial court exceeded its jurisdiction].) Preston's request for relief is premised solely on arguments that the trial court exceeded its jurisdiction, and misinterpreted section 667.5(b), resulting in his confinement in excess of the maximum allowed by law. Accordingly, we shall address the arguments he has raised in his petition.

### II. *Trial Court Did Not Err in Imposing Section 667.5(b) Enhancements*

Preston argues that his three earliest prior prison terms cannot be used to enhance his current sentence because he remained free of prison custody for a

continuous five-year period as required by section 667.5(b). Emphasizing, in pertinent part, the statutory language "prison custody" (§§ 667.5(b), 667.5, subd. (d)), and "reimprisoned" (§ 667.5, subd. (d)), Preston argues that his confinement in a county jail after parole revocation is not encompassed by any of these terms, all of which specifically use—or are derived from—the word "prison." Thus, he maintains that a parolee who is not incarcerated in a state prison or DCR facility after parole revocation is not in "prison custody" within the meaning of section 667.5(b). However, for the reasons which follow, we disagree.

■ In interpreting the statutory language in section 667.5(b), "we are guided by the following principles: 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so to effectuate the purpose of the law.' [Citation.] 'In ascertaining the will of the Legislature, "[t]he court turns first to the words themselves for the answer . . . . If the words of the statute are clear, the court should not add to or alter them to accomplish the purpose that does not appear on the face of the statute or from its legislative history . . . ." ' [Citations.]" (*In re Panos* (1981) 125 Cal.App.3d 1038, 1042 [178 Cal.Rptr. 483].) ■ Additionally, " 'The rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable.' [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1], quoting *People v. Jones* (1988) 46 Cal.3d 585, 599 [250 Cal.Rptr. 635, 758 P.2d 1165].)

■ The purpose of the section 667.5(b) enhancement is "to punish individuals" who have shown that they are " 'hardened criminal[s] who [are] undeterred by the fear of prison.' " (*People v. Jones* (1993) 5 Cal.4th 1142, 1148 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) "Imposition of a sentence enhancement under Penal Code section 667.5[(b)] requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563 [24 Cal.Rptr.2d 840, 862 P.2d 840].) The statute's exemption to the imposition of the enhancement evidences the Legislature's intent that a defendant who has been continuously free of both prison custody and the commission of felonious acts for a five-year period should not suffer such additional punishment if he reoffends. "In criminal law parlance, this is sometimes referred to as 'washing out.'

[Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [68 Cal.Rptr.2d 269].)

■ "The pivotal phrase 'prison custody' is defined in section 667.5, subdivision (d), in the following manner: 'For the purposes of this section the defendant shall be deemed to remain in prison custody for an offense until the official discharge from such custody or until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from such custody or is reimprisoned on revocation of parole.' " (*In re Panos, supra*, 125 Cal.App.3d at pp. 1041–1042.) "Custody," as that term is used in section 667.5, is a broad concept that "simply refers to control of the [convicted felon] by the authorities." (*In re Kelly* (1983) 33 Cal.3d 267, 274 [188 Cal.Rptr. 447, 655 P.2d 1282] [interpreting "custody" as used in § 667.5, subd. (d)], overruled in part on other grounds in *People v. Langston* (2004) 33 Cal.4th 1237, 1245–1246 [17 Cal.Rptr.3d 596, 95 P.3d 865].) The controlling prison authority in California is DCR, which retained legal custody of Preston while he was on parole. (See §§ 2910, subd. (d), 3056.) "[T]he status of prison custody is dependent upon the earlier occurrence of either official discharge or parole release 'including any time during which defendant remains subject to reimprisonment for escape . . . or is reimprisoned on revocation of parole.' " (*In re Panos, supra*, 125 Cal.App.3d at p. 1042, quoting § 667.5, subd. (d).) "[I]f conditions of parole are so seriously violated that the parole must be revoked," the parolee "is considered to have been in prison custody for an offense for the whole period from initial confinement until a release on parole which is completed *without revocation*, or until discharged" from custody. (*People v. Jackson* (1983) 143 Cal.App.3d 627, 630 [192 Cal.Rptr. 7].) Thus, contrary to Preston's contention, when his parole was revoked in 1985 and he was returned to the custody of the DCR, the time from which to start computing the five-year period was stopped until he was again released on parole. The statute requires a convicted felon to remain free of prison custody for "a single, continuous five-year period" to avoid additional punishment if he reoffends. (*People v. Young* (1987) 192 Cal.App.3d 812, 816 [237 Cal.Rptr. 703].) Because there was no time when Preston was free of prison custody for the required continuous five-year period before he reoffended in 1989, he is not exempt from the enhanced penalty.

■ Preston argues the statutory language can be read so that a parolee who reoffends and is confined in a local jail after a parole revocation may avoid the enhanced punishment of section 667.5(b). However, to accept Preston's argument would lead to an unreasonable and unintended interpretation of the statute. Applying Preston's analysis would mean that a parolee who committed an offense of sufficient severity to warrant revocation but

who was reincarcerated, however briefly, in a state prison or other DCR facility would be subject to the section 667.5(b) enhancement if he reoffended, while a parolee who committed an offense of similar severity to warrant revocation but was reincarcerated in a local jail or non-DCR facility would be subject to a lesser penalty if he reoffended. "The statute[] must be construed to avoid this absurd result." (*People v. Walkkein* (1993) 14 Cal.App.4th 1401, 1410 [18 Cal.Rptr.2d 383].)

■ We therefore conclude that whether a parolee has remained free of prison custody depends on whether he has either remained on parole *without revocation* during, or been discharged from custody preceding, the required continuous five-year period. (*People v. Jackson, supra*, 143 Cal.App.3d at p. 630.) The reasons for parole revocation and the place of a parolee's confinement after parole revocation are not pertinent to this determination. (*In re Hawkins* (1980) 103 Cal.App.3d 621, 625 [163 Cal.Rptr. 201] ["the critical question whether an individual has been free of prison custody cannot turn on an event so haphazard as an administrator's designation of a particular [facility] for his confinement from among several which are physically located both inside and outside state prison facilities"].)[7] Our interpretation of section 667.5(b) is consistent with the Legislature's intent.
■ Having failed to remain free of prison custody for the required five-year period by committing offenses of sufficient severity to warrant parole revocation and a return to DCR's custody, Preston "is just the sort of example that the Legislature had in mind when it set up its scheme to inflict additional punishment for repeat offenders." (*In re Kelly, supra*, 33 Cal.3d at p. 272.) Consequently, Preston's request that we strike the section 667.5(b) enhancements imposed for the three earliest prison terms is denied.

III.  *Preston's Other Contentions Do Not Warrant Relief*

Because the trial court acted within its jurisdiction by imposing the section 667.5(b) enhancements for the three prior prison terms, Preston has failed to establish that he was deprived of a state-created liberty interest, and thus, there is no resulting violation of his federal constitutional right to due

---

[7] Preston's reliance on our decision in *People v. Holdsworth* (1988) 199 Cal.App.3d 253 [244 Cal.Rptr. 782], is misplaced. *Holdsworth* concerned an interpretation of section 1170.1, subdivision (c), which imposes severe sentences for felonies committed by a person physically "confined in a state prison," and was enacted to promote the safety of guards and inmates physically located in state prisons or DCR facilities. (*Holdsworth, supra*, at pp. 256–257.) In *Holdsworth*, we held that "whether a person who commits a crime after his parole is revoked can be sentenced under section 1170.1, subdivision (c), depends on whether he is physically confined in a state prison within the meaning of sections 4504, subdivision (a) and 5003." (*Holdsworth, supra*, 199 Cal.App.3d at p. 262, fn. 11.) Here, however, as we discuss in the text, we are concerned with the broader concept of custody to which the physical place of the parolee's confinement is not decisive.

process. (See *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346–347 [65 L.Ed.2d 175, 100 S.Ct. 2227].) Nor does this case present a retroactive application of a judicial decision unforeseeably expanding criminal liability or penal consequences of an act. (See *Bouie v. City of Columbia* (1964) 378 U.S. 347, 352–353 [12 L.Ed.2d 894, 84 S.Ct. 1697].)

### DISPOSITION

The petition for a writ of habeas corpus is denied.

Siggins, J., and Jenkins, J., concurred.

Petitioner's petition for review by the Supreme Court was denied October 28, 2009, S176582.