Filed 7/25/16  P. v. Shahmohamadian CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B265982 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA369228) |
| v. | |
| SAID SHAHMOHAMADIAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Appellant Said Shahmohamadian appeals the trial court's order denying his request to recall his sentence and resentence him pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. Shahmohamadian is currently serving a prison sentence that includes four 1-year prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b).[1] After passage of Proposition 47, and after sentence was imposed in the current case, Shahmohamadian successfully applied to have three of the four prior convictions redesignated as misdemeanors. He then moved for resentencing in his current case, claiming that the three section 667.5, subdivision (b) enhancements had to be stricken because they were predicated upon convictions that are now misdemeanors. We conclude the enhancements were unaffected by Proposition 47 and affirm the trial court's order denying Shahmohamadian's request to strike the section 667.5, subdivision (b) enhancements.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2010, a jury convicted Shahmohamadian of robbery (§ 211) and attempted carjacking. (§§ 664, 215) (the "current offenses"). It also found Shahmohamadian personally used a deadly weapon, a knife, in commission of the current offenses. (§ 12022, subd. (b)(2).) Shahmohamadian admitted serving four prior prison terms for felony convictions within the meaning of section 667.5, subdivision (b). The trial court sentenced Shahmohamadian to a total of 10 years six months in prison, comprised of four years six months on the attempted carjacking count, two years for the deadly weapon enhancement, and four 1-year terms for the section 667.5, subdivision (b) prior prison term enhancements.[2] We ordered the judgment modified to stay a concurrent term on the

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    The record does not contain the abstract of judgment indicating the sentence imposed or a reporter's or clerk's transcript reflecting Shahmohamadian's admission of the priors. However, these facts are undisputed and we rely on the parties' representations regarding them.

2

robbery count pursuant to section 654, and otherwise affirmed the judgment in an unpublished opinion. (*People v. Shahmohamadian* (Aug. 11, 2011, B226653).[3]

On November 4, 2014, while Shahmohamadian was still serving his sentence on the current crimes, the voters enacted Proposition 47, which went into effect the following day. (*People v. Morales* (2016) 63 Cal.4th 399, 404; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 amended and enacted various provisions of the Penal and Health and Safety Codes that reduced certain drug and theft offenses to misdemeanors, unless committed by ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327-1328.) These offenses had previously been either felonies or wobblers. (*People v. Rivera, supra,* at p. 1091; *People v. Lynall, supra,* at p. 1108.) Proposition 47 also enacted section 1170.18, which created a procedure whereby an eligible defendant who has suffered a felony conviction of one of the enumerated crimes can petition to have it redesignated as a misdemeanor.

In April 2015, Shahmohamadian successfully applied to the trial court to have three of the four prior felony convictions that served as the basis for the section 667.5, subdivision (b) enhancements designated as misdemeanors. (§ 1170.18, subds. (f), (g).)[4]

On May 7, 2015, Shahmohamadian sought recall of his current sentence and resentencing pursuant to section 1170.18, subdivision (a). He averred that because three of the prior convictions underlying the section 667.5, subdivision (b) enhancements had been reduced to misdemeanors, those priors could no longer serve as predicate offenses supporting imposition of the enhancements. After hearing argument from the parties, the trial court denied the motion. Shahmohamadian appeals.

---

[3]    We take judicial notice of our unpublished opinion. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

[4]    The prior convictions at issue were for petty theft with a prior (§ 666), burglary (§ 459), and unlawful possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).

3

DISCUSSION

1. *Sections 1170.18 and 667.5, subdivision (b)*

Proposition 47 created two separate procedures for redesignating an offense as a misdemeanor. A defendant who is currently serving a felony sentence for an offense now classified as a misdemeanor by Proposition 47 may petition to recall the sentence and request resentencing. (§ 1170.18, subd. (a); *People v. Rivera, supra,* 233 Cal.App.4th at pp. 1092, 1099.) If the petitioner meets the statutory eligibility criteria, he or she is entitled to resentencing unless the trial court determines, in its discretion, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) Eligible persons who have already completed their sentences for such offenses may file an application to have their felony convictions designated as misdemeanors. (§ 1170.18, subds. (f), (g); *People v. Abdallah* (2016) 246 Cal.App.4th 736, 743-744; *People v. Rivera, supra,* at pp. 1093, 1099.)[5] Section 1170.18, subdivision

---

[5] Section 1170.18, subdivisions (a), (b), (f), and (g) provide, in pertinent part:

"(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. . . .

"[¶] . . . [¶]

"(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

4

(k) provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," except in regard to restrictions on the ownership or possession of firearms. Subdivision (n) states: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act."

Section 667.5, subdivision (b), requires imposition of a one-year enhancement for each of a defendant's prior felony convictions that resulted in a separate term of imprisonment, when the defendant commits another felony within five years of release from custody.[6] (See *People v. Abdallah, supra,* 246 Cal.App.4th at p. 740; *People v. Langston* (2004) 33 Cal.4th 1237, 1241.) "Imposition of a sentence enhancement under Penal Code section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Cal.4th 559, 563; *In re Preston* (2009) 176 Cal.App.4th 1109, 1115.)

---

"(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

[6] Section 667.5, subdivision (b) provides, in pertinent part and subject to exceptions not relevant here, that "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

5

2. *Standard of review and principles of statutory interpretation*

Application of Proposition 47 on the facts presented here is a pure question of law that we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71; *People v. Camp* (2015) 233 Cal.App.4th 461, 467.) When interpreting a voter initiative, our task is to ascertain and effectuate the voters' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796; *People v. Briceno* (2004) 34 Cal.4th 451, 459.) We apply the same principles that govern interpretation of a statute enacted by the Legislature. Thus, we look first to the language of the statute, giving the words their ordinary meaning. (*People v. Park*, *supra,* at p. 796; *People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) If not ambiguous, the plain meaning of the statutory language controls, unless it would lead to absurd results the electorate could not have intended. (*People v. Birkett* (1999) 21 Cal.4th 226, 231; *People v. Bush* (2016) 245 Cal.App.4th 992, 1003.) The statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1509; *People v. Bush, supra,* at p. 1003.) When the statutory language is ambiguous, we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. (*People v. Superior Court (Pearson), supra,* at p. 571; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313.)

3. *Redesignation of an offense as a misdemeanor under Proposition 47 does not retroactively alter the designation of that crime for purposes of imposition of an enhancement imposed before the redesignation*

Shahmohamadian contends that the electorate intended Proposition 47's provisions to "apply to prevent sentence enhancements based on prior convictions which were reduced to misdemeanors under the new law." A section 667.5, subdivision (b) sentence enhancement may be imposed only when the defendant was previously convicted of, and served a prison term for, a felony. Because his prior convictions were reduced from felonies to misdemeanors, Shahmohamadian argues that the section 667.5, subdivision (b) enhancements, which were based on the felony status of the priors, are no

6

longer authorized and should have been stricken.  The People, on the other hand, urge that Proposition 47 does not apply to section 667.5 enhancements.

Our California Supreme Court is currently considering whether a defendant is eligible for resentencing on a section 667.5, subdivision (b) enhancement after the underlying felony is reclassified as a misdemeanor pursuant to Proposition 47.  (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; see also, e.g., *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted Apr. 27, 2016, S233011.)

The trial court did not err.  By its plain terms, Proposition 47 does not provide a mechanism for striking enhancements retroactively.  (*People v. Jones* (July 7, 2016, E063745) __ Cal.App.4th __ [2016 Cal.App. Lexis 550, *2, 8].)  Section 1170.18, subdivision (a) provides that a person currently serving a sentence for a conviction of a felony or felonies, who "would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  Shahmohamadian is not currently serving a sentence for any of the offenses that were reduced to misdemeanors by Proposition 47.  His current crimes are robbery and attempted carjacking, neither of which are among the enumerated offenses eligible for resentencing under Proposition 47.

Section 1170.18 also provides that a person who has completed his sentence for a felony or felonies who would have been guilty of a misdemeanor under Proposition 47, had it been in effect at the time of the offense, may apply to "have the felony conviction or convictions designated as misdemeanors."  (§ 1170.18, subd. (f).)  Shahmohamadian has already received the relief to which he is entitled under subdivision (f), in that his

7

prior convictions have been redesignated as misdemeanors. Neither subdivisions (a) nor (f) of section 1170.18 provide for resentencing, striking, or dismissing sentence enhancements. Section 1170.18 refers only to resentencing and redesignation of *convictions*, not enhancements. (*People v. Jones, supra,* ___ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *10].) An enhancement is not a felony or a misdemeanor; it is an additional term of imprisonment, imposed for the defendant's criminal history or circumstances involved in commission of the crime. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 101; Cal. Rules of Court, rule 4.405.) Neither the Proposition 47 ballot materials nor section 1170.18 itself mention recidivist enhancements, and Proposition 47 did not amend section 667.5. Proposition 47 did not provide a procedure for resentencing on an ineligible felony simply because an offense underlying an enhancement was affected. "It follows that nothing in the language of section 1170.18 allows or even contemplates the retroactive redesignation, dismissal, or striking of sentence enhancements imposed in a final judgment entered before Proposition 47 passed, even where the offender succeeds in having the underlying conviction itself deemed a misdemeanor." (*People v. Jones,* at p. __ [2016 Cal.App. Lexis 550, at p. *10].) To the contrary, the statement in section 1170.18, subdivision (n), that "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act," suggests the resentencing and redesignation mechanisms in section 1170.18, subdivisions (a) and (f) are the only avenues of relief available.

In support of his position, Shahmohamadian points to subdivision (k) of section 1170.18, which states that any felony conviction that is recalled and resentenced or designated as a misdemeanor "shall be considered a misdemeanor *for all purposes* . . . ." (Italics added.) He takes this language as an indication section 1170.18 applies retroactively to enhancements. We disagree. Penal statutes are not given retroactive effect unless a contrary legislative intent is apparent. (§ 3; *People v. Brown* (2012) 54 Cal.4th 314, 319.) Section 3 "erects a strong presumption of prospective operation" and codifies " 'the time-honored principle . . . that in the absence of an express

8

retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.' " (*People v. Brown, supra,* at pp. 319, 324.) A statute that is ambiguous with respect to retroactive application is construed to be unambiguously prospective. (*Id.* at p. 324.) "Proposition 47 does not contain a provision declaring its provisions automatically retroactive. Instead, it provides procedures making its provisions *available* retroactively to certain offenders who petition for resentencing or redesignation of their convictions. [Citations.] Thus, Proposition 47 has retroactive effect only to the extent section 1170.18 provides a procedure to petition for reclassification or resentencing." (*People v. Jones, supra,* ___ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at pp. *11-12].)

Further, Proposition 47's "misdemeanor for all purposes" language tracks that used in section 17, subdivision (b), pertaining to the effect of a judicial declaration that a wobbler is to be considered a misdemeanor. (§ 17, subd. (b)(3);[7] *People v. Abdallah, supra,* 246 Cal.App.4th at p. 745; *People v. Rivera, supra,* 233 Cal.App.4th at pp. 1094, 1100.) In construing the "misdemeanor for all purposes" language in section 17, subdivision (b), our Supreme Court has "stated that the reduction of the offense to a misdemeanor does not apply retroactively." (*People v. Rivera, supra,* at p. 1100.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . ." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857.)

---

**7** Section 17 provides in pertinent part: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

9

In *People v. Park,* the defendant was convicted of a felony in 2003. The trial court suspended imposition of sentence and placed him on probation. In 2006 the court reduced the conviction to a misdemeanor pursuant to section 17, subdivision (b)(3). (*People v. Park, supra,* 56 Cal.4th at p. 787.) When the defendant was convicted in 2007 of a new felony, the court imposed a five-year serious felony enhancement pursuant to section 667, subdivision (a), predicated on the 2003 felony conviction. (*People v. Park, supra,* at pp. 787-788.) Construing section 17's "misdemeanor for all purposes" language, *Park* concluded that "when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense *thereafter* is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Park, supra*, at p. 795, italics added.) Accordingly, "when a wobbler has been reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667(a)." (*Id.* at p. 799.) Significant to our analysis here, *Park* recognized that "until the court actually exercises its discretion to reduce a wobbler to a misdemeanor under section 17(b), the offense is deemed a felony for all purposes." (*Id.* at p. 800.) The court explained: "There is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802, italics added.)

Proposition 47 and section 17, subdivision (b) both pertain to the effect of redesignation of an offense as a misdemeanor. (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 745.) Because identical language appearing in separate statutory provisions should be interpreted the same way when the provisions cover analogous subject matter (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1100; *People v. Abdallah, supra,* at p. 745), we presume the voters intended the same construction in section 1170.18, subdivision (k). Here, Shahmohamadian's prior offenses were not redesignated as misdemeanors pursuant to Proposition 47 until *after* sentence had been imposed on his

10

current offenses, and therefore the language in subdivision (k) does not preclude imposition of the enhancements.[8]

Shahmohamadian's citations to *People v. Flores* (1979) 92 Cal.App.3d 461, and *People v. Vinson* (2011) 193 Cal.App.4th 1190, do not assist him. In *Flores*, the defendant was convicted in 1966 of felony marijuana possession. (*People v. Flores, supra,* at p. 470.) In 1975 the Legislature amended the law to make marijuana possession a misdemeanor. (*Ibid.*) The amendment stated that a " 'record of a conviction for an offense specified . . . shall not be considered . . . for any purposes . . . .' " (*Id.* at p. 471, italics omitted.) In 1977 the defendant was charged with selling heroin and, upon his conviction, the trial court imposed a section 667.5 enhancement based on the 1966 marijuana possession. (*People v. Flores, supra,* at p. 470.) The appellate court concluded the enhancement was improperly imposed in light of the "express language of the statute and the obvious legislative purpose" of the amendment. (*Id.* at p. 473.) But in *Flores,* as in *Park*, and in contrast to the present case, the current offense was committed and sentence was imposed *after* the earlier offense was reduced to a misdemeanor.

In *Vinson,* the court found an amendment to the Penal Code increasing the number of prior theft convictions necessary to trigger sentencing under section 666 (petty theft with a prior) applied retroactively. (*People v. Vinson, supra,* 193 Cal.App.4th at pp. 1193, 1194, 1197.) *Vinson*'s holding derived from *In re Estrada* (1965) 63 Cal.2d 740. *Estrada* held: "When the Legislature amends a statute so as to lessen the

---

[8] *People v. Abdallah* recently held that in light of section 1170.18, subdivision (k), "where . . . a prior conviction is no longer a felony *at the time the court imposes a sentence enhancement under section 667.5,* Proposition 47 precludes the court from using that conviction as a felony merely because it was a felony at the time the defendant committed the offense." (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 747, italics added.) As noted, here the offenses upon which the section 667.5 enhancements were predicated were not redesignated until after sentence was imposed on the current crimes, and *Abdallah* is not inconsistent with our analysis. We express no opinion on whether section 1170.18, subdivision (k) precludes a sentencing court from imposing a section 667.5, subdivision (b) enhancement when the underlying felony is designated a misdemeanor before commission of and sentencing on the current crimes.

11

punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Id.* at p. 745.) Observing that *Estrada*'s rule had been applied to penalty enhancements as well as substantive offenses, Vinson concluded that *Estrada's* reasoning applied. (*Vinson, supra,* at pp. 1197-1198, 1199.) But *Estrada* does not apply here, because Shahmohamadian's convictions in the current and prior cases are final. (*People v. Diaz, supra,* 238 Cal.App.4th at pp. 1335-1336.)

Shahmohamadian argues that the electorate's purpose in enacting Proposition 47 was to reduce punishment for petty crimes, thereby ensuring that prison spending is focused on persons who commit violent and serious offenses, with the cost savings generated thereby invested into prevention and support programs. Accordingly, he reasons, the voters must also have intended to prevent increased punishment by way of enhancements based on convictions for such petty crimes. We do not agree. Where the statutory language is plain and unambiguous, as is the case with section 1170.18, "there is no need for construction and the judiciary should not indulge in it." (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925; *People v. Jones, supra,* ___ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *8; *People v. Vasquez* (2016) 247 Cal.App.4th 513, 519.) In any event, giving redesignations retroactive effect would require a court to resentence on any offense – including violent crimes – if an enhancement is predicated on a redesignated offense. This would undercut the electorate's intent that persons convicted of crimes such as murder, rape, and child molestation not benefit from Proposition 47. (See Voter Information Guide, General Election (Nov. 4, 2014) § 3, p. 70.)

Furthermore, section 667.5 enhancements arise from a defendant's status as a recidivist. (See generally *People v. Gokey* (1998) 62 Cal.App.4th 932, 936.) The purpose of a section 667.5, subdivision (b) enhancement is to punish individuals who have shown that they are hardened criminals who are undeterred by the fear of prison. (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 742; *In re Preston, supra,* 176 Cal.App.4th at p. 1115.) A defendant who refuses to reform after serving time in prison is more dangerous than one who simply commits one of the minor theft or drug offenses affected by Proposition 47. There is no reason to assume or infer the electorate intended Proposition 47 to ameliorate punishment for such recidivists.

Nor are we persuaded that the directive in section 18 of Proposition 47, that the initiative's provisions should be "liberally construed," requires the result Shahmohamadian seeks. (Voter Information Guide, General Election, *supra*, Text of Proposed Laws, § 18, p. 74.) The "legislative intent in favor of the retrospective operation of a statute cannot be implied from the mere fact that the statute is remedial and subject to the rule of liberal construction." (*DiGenova v. State Board of Education* (1962) 57 Cal.2d 167, 174.) In the absence of express language in section 1170.18 allowing the "retroactive dismissal or striking of enhancements," we cannot infer voters intended Proposition 47 to apply retroactively to invalidate sentence enhancements based on offenses now designated as misdemeanors. (*People v. Jones, supra,* ___ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *12].)

Shahmohamadian next points out that the improper imposition of an enhancement constitutes an unauthorized sentence that may be corrected at any time. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13; *People v. Scott* (1994) 9 Cal.4th 331, 354; *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1254.) Apparently to demonstrate that this precept has not been altered by Proposition 47, Shahmohamadian directs us to section 1170.18, subdivision (m), which provides that "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." But Shahmohamadian's sentence on the enhancements is not unauthorized. As we have explained, redesignation of the offenses underlying the section 667.5

13

enhancements *after* commission of, and imposition of sentence on, the current offenses does not invalidate the section 667.5 enhancements.

Finally, unlike in *People v. Sumstine* (1984) 36 Cal.3d 909 and *Burgett v. Texas* (1967) 389 U.S. 109, cited by Shahmohamadian, there is no showing the prior convictions underlying the enhancements are constitutionally infirm.  (See *People v. Sumstine, supra,* at pp. 914, 919, 924 [defendant may collaterally attack the validity of a prior conviction on the ground he was not advised of his *Boykin/Tahl* rights];[9] *Burgett v. Texas, supra,* at pp. 114-115 [prior conviction may not be used to prove guilt or enhance punishment, where it was obtained in violation of defendant's Sixth Amendment right to counsel]; cf. *Garcia v. Superior Court* (1997) 14 Cal.4th 953, 959 ["is well recognized. . . . that a prior conviction that has been determined to be constitutionally invalid may not be used to enhance the punishment for a subsequent offense"].)

---

[9]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

14

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


EDMON, P. J.


HOGUE, J.*

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.