Filed 7/29/16  P. v. Hoang CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>NAM JU HOANG,<br><br>      Defendant and Appellant. | B264610<br><br>(Los Angeles County<br> Super. Ct. No. GA080800) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Nam Ju Hoang appeals a trial court order denying his application to resentence him on a one-year prison term enhancement related to a prior felony conviction. He contends that, as the prior felony conviction was reduced to a misdemeanor under Penal Code section 1170.18,[1] the conviction can no longer support the enhancement.[2] We disagree with the contention.

## BACKGROUND[3]

In 2011, a jury convicted defendant of second degree burglary (§ 459) and vandalism resulting in over $400 in damage (§ 594, subd. (a)). The trial court found true the allegations that defendant suffered three prior convictions[4] within the meaning of the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d)), and that he served three prior prison terms within the meaning of section 667.5, subdivision (b). On June 7, 2011, the trial court sentenced defendant to the upper term of three years for the burglary, doubled under the Three Strikes law,[5] plus three consecutive one-year terms for the prior prison terms, for a total term of nine

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    Section 1170.18 was added to the Penal Code by Proposition 47, the Safe Neighborhoods and Schools Act. (See Prop. 47, approved Nov. 4, 2014, eff. Nov. 5, 2014.)

[3]    We grant respondent's request to take judicial notice of the court's opinion in defendant's direct appeal from the judgment of conviction, *People v. Hoang*, B233731, filed August 16, 2012. The background section of the instant opinion is taken primarily from the opinion in the direct appeal.

[4]    The prison priors were in Los Angeles County case Nos. BA350887, GA064487, and GA034574.

[5]    The trial court struck two of the prior conviction findings.

2

years.  The court also imposed a three-year term for the vandalism count, but stayed that sentence under section 654.

In defendant's direct appeal from the judgment, we concluded the finding on the prison prior in case No. GA034574 was not supported by substantial evidence. Accordingly, we reversed the finding and ordered the one-year prison term imposed under section 677.5, subdivision (b) based on that finding be stricken, rendering his sentence a term of eight years.

On December 2, 2014, defendant, representing himself, filed a motion for modification of sentence pursuant to section 1170, subdivision (d) to reduce each conviction to a misdemeanor under Proposition 47.  On December 10, 2014, the court found defendant ineligible for relief under Proposition 47.

Subsequently, the court granted a petition filed by defendant to reduce his prison prior in case No. BA350887 to a misdemeanor pursuant to section 1170.18.

On April 30, 2015, represented by the Public Defender's Office, defendant filed a motion for resentencing on the ground the one-year enhancement imposed for the prison prior in case No. BA350887 cannot be imposed because the conviction was reduced to a misdemeanor and accordingly no longer qualified under section 667.5, subdivision (b).

On May 19, 2015, the court denied the motion, and this timely appeal followed.

## DISCUSSION

Defendant contends the court erred in denying the application to vacate the one-year sentence enhancement for the prison prior related to the prior conviction

3

that had been reduced to a misdemeanor under section 1170.18.[6] We disagree with the contention.[7]

Proposition 47 reduced certain drug- and theft-related offenses to misdemeanors, unless committed by persons who are ineligible for that treatment based on statutory criteria. (*People v. Morales* (2016) 63 Cal.4th 399, 404.) In section 1170.18, the proposition also provides a procedure for defendants currently serving a felony sentence for a Proposition 47 crime to petition for a recall of the sentence and for resentencing (subd. (a)), as well as a procedure for persons who have completed their sentence for such a crime to file an application to have the offense designated as a misdemeanor (subd. (f)). (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328-1329.) "Any felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or

---

[6] This issue is currently under review by the Supreme Court in *People v. Valenzuela*, review granted March 30, 2016, S232900. Review is to address the following issue: "Is defendant eligible for resentencing on the penalty enhancement for serving a prior prison term on a felony conviction after the superior court had reclassified the underlying felony as a misdemeanor under the provisions of Proposition 47?" (Cal. Supreme Ct. News Release (Apr. 1, 2016) Summary of Cases Accepted and Related Actions During Week of March 28, 2016.) Review has been granted on this and related issues in numerous other cases. (E.g., *People v. King*, review granted June 8, 2016, S234196, *People v. Cisneros*, review granted June 8, 2016, S234078, *People v. Williams*, review granted May 11, 2016, S233539, *People v. Ruff*, review granted May 11, 2016, S233201, *People v. Carrea*, review granted April 27, 2016, S233011.) *People v. Valenzuela* is the lead case. (Cal. Rules of Court, rule 8.512(d)(2) ["On or after granting review, the court may order action in the matter deferred until the court disposes of another matter or pending further order of the court"].)

[7] Apart from whether the appeal should be dismissed on the ground the trial court had no statutory authority to strike the prior prison term enhancement and reduce the sentence, as respondent contends, we conclude, on the merits, that Proposition 47 does not invalidate the prior prison term enhancement.

4

prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

Section 667.5, subdivision (b) provides, with certain exceptions, that: "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony[.]"

Because the issue is pending before the Supreme Court (allowing defendant to preserve the issue for decision by the Supreme Court by petitioning for review), we will not discuss defendant's contention at length. We conclude that the language from Proposition 47 on which defendant relies (that a re-designated misdemeanor is a "misdemeanor for all purposes" (§ 1170.18, subd. (k)) is most reasonably construed as meaning that misdemeanor treatment occurs going forward, not retroactively. (See *People v. Brown* (2012) 54 Cal.4th 314, 319-320 [we construe a statute that is ambiguous concerning retroactivity to be unambiguously prospective].) Moreover, "[while] Proposition 47 creates a procedure for offenders to obtain reclassification and resentencing on convictions on a retroactive basis, [it] does not provide a similar procedure for striking or dismissing sentence enhancements retroactively." (*People v. Jones* __ Cal.App.4th __ [2016 Cal.App.Lexis 550, July 7, 2016].)

We further reject defendant's contention on the ground that the qualifying criterion for a section 667.5, subdivision (b) prior is having served a prior prison term for a felony conviction, and that criterion is not changed by a later reduction of the felony to a misdemeanor. The purpose of a section 667.5, subdivision (b)

5

enhancement is to punish individuals for recidivism, that is, "'to punish individuals' who have shown that they are '"hardened criminal[s] who [are] undeterred by the fear of prison."'" (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.) Thus, even though the felony underlying the prison sentence defendant served for the section 667.5, subdivision (b) prior was re-designated a misdemeanor, we conclude that Proposition 47 does not invalidate the prior.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

COLLINS, J.