Filed 7/25/16  P. v. Edwards CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RHETT E. EDWARDS,<br><br>    Defendant and Appellant. | B263931<br><br>(Los Angeles County<br>Super. Ct. No. MA060075) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Rhett E. Edwards appeals the trial court's order denying his petition to recall his sentence and resentence him pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. Edwards is currently serving a prison sentence that includes seven one-year prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b).[1] After passage of Proposition 47, Edwards successfully petitioned to have four of the seven prior convictions redesignated as misdemeanors. He then moved for resentencing in his current case, claiming that his sentence had to be reduced by four years because the four section 667.5, subdivision (b) enhancements were predicated upon convictions that had become misdemeanors. We conclude the enhancements were unaffected by Proposition 47 and affirm the trial court's order denying Edwards's petition.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Edwards of transportation of a controlled substance, methamphetamine (Health & Saf. Code, § 11379, subd. (a)); possession for sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11378); and false personation (§ 529, subd. (a)(3)). Edwards admitted suffering one prior drug-related conviction (Health & Saf. Code, § 11370.2, subd. (c)) and serving 10 prior prison terms within the meaning of section 667.5, subdivision (b). On January 22, 2014, the trial court imposed a sentence of 14 years, consisting of the upper term of four years on the transportation offense, plus a three-year Health and Safety Code section 11370.2, subdivision (c) enhancement and seven one-year prior prison term enhancements pursuant to section § 667.5, subd. (b). The court imposed a concurrent three-year term on count 3, false personation and stayed sentence on count 2, possession for sale, pursuant to section 654. On October 16, 2015, we affirmed the judgment in an unpublished opinion. (*People v. Edwards* (Oct. 16, 2015, B254610.)[2]

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We take judicial notice of our unpublished opinion. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

On November 4, 2014, while Edwards was serving his sentence on the current convictions, the voters enacted Proposition 47, which went into effect the following day. (*People v. Morales* (2016) 63 Cal.4th 399, 404; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 amended and enacted various provisions of the Penal and Health and Safety Codes that reduced certain drug and theft offenses to misdemeanors, unless committed by ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327-1328.) These offenses had previously been either felonies or wobblers. (*People v. Rivera, supra,* at p. 1091; *People v. Lynall, supra,* at p. 1108.) Proposition 47 also enacted section 1170.18, which created a procedure whereby an eligible defendant who has suffered a felony conviction of one of the enumerated crimes can petition to have it redesignated as a misdemeanor.

Upon Edwards's application, in March 2015, pursuant to Proposition 47, section 1170.18, subdivisions (f) and (g), the trial court designated as misdemeanors four of the seven prior felony convictions that served as the basis for the section 667.5, subdivision (b) enhancements.

On April 1, 2015, Edwards sought recall of his current sentence and resentencing on the current offenses pursuant to Proposition 47, section 1170.18. He averred that because four of the prior felony convictions underlying the section 667.5, subdivision (b) enhancements had been reduced to misdemeanors, those priors could no longer serve as predicate offenses supporting imposition of the enhancements. The People opposed Edwards's request. After hearing argument from the parties, the trial court denied the motion, concluding that the section 667.5, subdivision (b) enhancements were imposed for Edwards's recidivism, not the underlying criminal conduct, and that Proposition 47 did not "unravel[ ] the underlying [section] 667.5(b) punishment." Edwards appeals.

DISCUSSION

1. *Sections 1170.18 and 667.5, subdivision (b)*

Proposition 47 created two separate procedures for redesignating an offense as a misdemeanor. A defendant who is currently serving a felony sentence for an offense now

3

classified as a misdemeanor by Proposition 47 may petition to recall the sentence and request resentencing. (§ 1170.18, subd. (a); *People v. Rivera, supra,* 233 Cal.App.4th at pp. 1092, 1099.) If the petitioner meets the statutory eligibility criteria, he or she is entitled to resentencing unless the trial court determines, in its discretion, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).) Eligible persons who have already completed their sentences for such offenses may file an application to have their felony convictions designated as misdemeanors. (§ 1170.18, subds. (f), (g); *People v. Abdallah* (2016) 246 Cal.App.4th 736, 743-744; *People v. Rivera, supra,* at pp. 1093, 1099.)[3] Section 1170.18, subdivision (k) provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a

---

[3] Section 1170.18, subdivisions (a), (b), (f), and (g) provide, in pertinent part:

"(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. . . .

"[¶] . . . [¶]

"(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

"(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

4

misdemeanor for all purposes," except in regard to restrictions on the ownership or possession of firearms. Subdivision (n) states: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act."

Section 667.5, subdivision (b), requires imposition of a one-year enhancement for each of a defendant's prior felony convictions that resulted in a separate term of imprisonment, when the defendant commits another felony within five years of release from custody.[4]  (See *People v. Abdallah, supra,* 246 Cal.App.4th at p. 740; *People v. Langston* (2004) 33 Cal.4th 1237, 1241.)  "Imposition of a sentence enhancement under Penal Code section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction."  (*People v. Tenner* (1993) 6 Cal.4th 559, 563; *In re Preston* (2009) 176 Cal.App.4th 1109, 1115.)

2. *Standard of review and principles of statutory interpretation*

Application of Proposition 47 on the facts presented here is a pure question of law that we review de novo.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71; *People v. Camp* (2015) 233 Cal.App.4th 461, 467.)  When interpreting a voter initiative, our task is to ascertain and effectuate the voters' intent.  (*People v. Park* (2013) 56 Cal.4th 782, 796;

---

**4**     Section 667.5, subdivision (b) provides, in pertinent part and subject to exceptions not relevant here, that "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

*People v. Briceno* (2004) 34 Cal.4th 451, 459.) We apply the same principles that govern interpretation of a statute enacted by the Legislature. Thus, we look first to the language of the statute, giving the words their ordinary meaning. (*People v. Park*, *supra,* at p. 796; *People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) If not ambiguous, the plain meaning of the statutory language controls, unless it would lead to absurd results the electorate could not have intended. (*People v. Birkett* (1999) 21 Cal.4th 226, 231; *People v. Bush* (2016) 245 Cal.App.4th 992, 1003.) The statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1509; *People v. Bush, supra,* at p. 1003.) When the statutory language is ambiguous, we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. (*People v. Superior Court (Pearson), supra,* at p. 571; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313.)

3. *Redesignation of an offense as a misdemeanor under Proposition 47 does not retroactively alter the designation of that crime for purposes of imposition of an enhancement imposed before the redesignation*

Edwards contends that because his four prior convictions were reduced from felonies to misdemeanors, they can no longer be used to enhance his sentence under section 667.5. After a prior is designated a misdemeanor, he argues, "there is no longer a felony conviction for which an enhancement under section 667.5(b) can be imposed." Therefore, he avers, the trial court should have reduced the sentence on his current crimes by four years. We disagree.

Our California Supreme Court is currently considering whether a defendant is eligible for resentencing on a section 667.5, subdivision (b) enhancement after the underlying felony is reclassified as a misdemeanor pursuant to Proposition 47. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; see also, e.g., *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016,

6

S233201; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted Apr. 27, 2016, S233011.)

The trial court did not err. By its plain terms, Proposition 47 does not provide a mechanism for striking enhancements retroactively. (*People v. Jones* (July 7, 2016, E063745) __ Cal.App.4th __ [2016 Cal.App. Lexis 550, *2, 8].) Section 1170.18, subdivision (a) provides that a person currently serving a sentence for a conviction of a felony or felonies, who "would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Edwards is not currently serving a sentence for any of the offenses that were reduced to misdemeanors by Proposition 47. His current crimes are transportation of methamphetamine, possession of methamphetamine for sale, and false personation, none of which are among the enumerated offenses eligible for resentencing under Proposition 47.

Section 1170.18 also provides that a person who has completed his sentence for a felony or felonies who would have been guilty of a misdemeanor under Proposition 47, had it been in effect at the time of the offense, may apply to "have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Edwards has already received the relief to which he is entitled under subdivision (f), in that his prior convictions have been redesignated as misdemeanors. Neither subdivisions (a) nor (f) of section 1170.18 provide for resentencing, striking, or dismissing sentence enhancements. Section 1170.18 refers only to resentencing and redesignation of *convictions*, not enhancements. (*People v. Jones, supra,* ___ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *10].) An enhancement is not a felony or a misdemeanor; it is an additional term of imprisonment, imposed for the defendant's criminal history or circumstances involved in commission of the crime. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 101; Cal. Rules of Court, rule 4.405(3).) Neither the Proposition 47 ballot materials nor

7

section 1170.18 itself mention recidivist enhancements, and Proposition 47 did not amend section 667.5. Proposition 47 did not provide a procedure for resentencing on an ineligible felony simply because an offense underlying an enhancement was affected. "It follows that nothing in the language of section 1170.18 allows or even contemplates the retroactive redesignation, dismissal, or striking of sentence enhancements imposed in a final judgment entered before Proposition 47 passed, even where the offender succeeds in having the underlying conviction itself deemed a misdemeanor." (*People v. Jones,* at p. __ [2016 Cal.App. Lexis 550, at p. *10].) To the contrary, the statement in section 1170.18, subdivision (n), that "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act," suggests the resentencing and redesignation mechanisms in section 1170.18, subdivisions (a) and (f) are the only avenues of relief available.

Edwards argues that the plain language of section 1170.18, subdivision (k), which states that any felony conviction that is recalled and resentenced or designated as a misdemeanor "shall be considered a misdemeanor for all purposes," unambiguously requires that once a prior conviction is redesignated a misdemeanor, enhancements based upon the prior's felony status are no longer valid. In support, he relies upon *People v. Park, supra,* 56 Cal.4th 782. We disagree. Proposition 47's "misdemeanor for all purposes" language tracks that used in section 17, subdivision (b), pertaining to the effect of a judicial declaration that a wobbler is to be considered a misdemeanor. (§ 17, subd. (b)(3);[5] *People v. Abdallah, supra,* 246 Cal.App.4th at p. 745; *People v. Rivera, supra,* 233 Cal.App.4th at pp. 1094, 1100.) In construing the "misdemeanor for all

---

[5] Section 17 provides in pertinent part: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

purposes" language in section 17, subdivision (b), our Supreme Court has "stated that the reduction of the offense to a misdemeanor does not apply retroactively." (*People v. Rivera, supra,* at p. 1100.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . ." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857.)

Rather than supporting Edwards's position, *People v. Park* undercuts it. There, the defendant was convicted of a felony in 2003. The trial court suspended imposition of sentence and placed him on probation. In 2006 the court reduced the conviction to a misdemeanor pursuant to section 17, subdivision (b)(3). (*People v. Park, supra,* 56 Cal.4th at p. 787.) When the defendant was convicted in 2007 of a new felony, the court imposed a five-year serious felony enhancement pursuant to section 667, subdivision (a), predicated on the 2003 felony conviction. (*People v. Park, supra,* at pp. 787-788.) Construing section 17's "misdemeanor for all purposes" language, *Park* concluded that "when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense *thereafter* is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Park, supra*, at p. 795, italics added.) Accordingly, "when a wobbler has been reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667(a)." (*Id.* at p. 799.) Significant to our analysis here, *Park* recognized that "until the court actually exercises its discretion to reduce a wobbler to a misdemeanor under section 17(b), the offense is deemed a felony for all purposes." (*Id.* at p. 800.) The court explained: "There is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802, italics added.)

Proposition 47 and section 17, subdivision (b) both pertain to the effect of redesignation of an offense as a misdemeanor. (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 745.) Because identical language appearing in separate statutory provisions should be interpreted the same way when the provisions cover analogous subject matter (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1100; *People v. Abdallah,*

9

*supra,* at p. 745), we presume the voters intended the same construction in section 1170.18, subdivision (k). Here, Edwards's prior offenses were not redesignated as misdemeanors pursuant to Proposition 47 until *after* sentence had been imposed on his current crimes, and therefore the language in subdivision (k) does not preclude imposition of the enhancements.[6]

Other authorities cited by Edwards do not suggest a different result.[7] In *People v. Flores* (1979) 92 Cal.App.3d 461, the defendant was convicted in 1966 of felony marijuana possession. (*Id.* at p. 470.) In 1975 the Legislature amended the law to make marijuana possession a misdemeanor. (*Ibid.*) The amendment stated that a " 'record of a conviction for an offense specified . . . shall not be considered . . . for any purposes . . . .' " (*Id.* at p. 471, italics omitted.) In 1977 the defendant was charged with selling heroin and, upon his conviction, the trial court imposed a section 667.5 enhancement based on the 1966 marijuana possession. (*People v. Flores, supra,* at p. 470.) The appellate court concluded the enhancement was improperly imposed in light of the "express language of the statute and the obvious legislative purpose" of the amendment. (*Id.* at p. 473.) In *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, the court concluded that a mandatory denial provision of the

---

[6] *People v. Abdallah* recently held that in light of section 1170.18, subdivision (k), "where . . . a prior conviction is no longer a felony *at the time the court imposes a sentence enhancement under section 667.5,* Proposition 47 precludes the court from using that conviction as a felony merely because it was a felony at the time the defendant committed the offense." (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 747, italics added.) As noted, here the offenses upon which the section 667.5 enhancements were predicated were not redesignated until after sentence was imposed on the current crimes, and *Abdallah* is not inconsistent with our analysis. We express no opinion on whether section 1170.18, subdivision (k) precludes a sentencing court from imposing a section 667.5, subdivision (b) enhancement when the underlying felony is designated a misdemeanor before commission of and sentencing on the current crimes.

[7] After Edwards filed his reply brief, review was granted in *People v. Buycks,* another case upon which he relies. (*People v. Buycks* (2015) 241 Cal.App.4th 519, review granted Jan. 20, 2016, S231765.) Accordingly, we do not consider *Buycks.*

10

Education Code did "not apply to [plaintiff] because at the time of his applications he stood convicted of a misdemeanor, not a felony." (*Id.* at p. 1481.) *Gebremicael* acknowledged that "[r]elief under Penal Code section 17, subdivision (b), is not retroactive in operation." (*Id.* at p. 1482.) Instead, "once a court has reduced a wobbler to a misdemeanor pursuant to Penal Code section 17, the crime is *thereafter* regarded as a misdemeanor 'for all purposes.' " (*Id.* at p. 1483, italics added.) In *People v. Gilbreth* (2007) 156 Cal.App.4th 53, the defendant's conviction for possession of a firearm by a felon was reversed because his predicate felony conviction had been reduced to a misdemeanor before he committed and was charged with the felon-in-possession offense. (*Id.* at pp. 55, 57-58.) Thus in *Flores, Gebremicael*, and *Gilbreth,* as in *Park,* and in contrast to the present case, the current offense was committed and sentence was imposed *after* the earlier offense had been reduced to a misdemeanor. The cited cases do not stand for the proposition that a *current* sentence must be altered because *subsequent* to sentencing on the current crimes, the convictions that gave rise to the enhancements were reduced to misdemeanors.

Next, Edwards contends that because his current convictions were not final at the time the prior convictions were redesignated, the rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), applies to require retroactive application of Proposition 47. Again, we disagree. Penal statutes are not given retroactive effect unless a contrary legislative intent is apparent. (§ 3; *People v. Brown* (2012) 54 Cal.4th 314, 319.) Section 3 "erects a strong presumption of prospective operation" and codifies " 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.' " (*People v. Brown, supra,* at pp. 319, 324.) A statute that is ambiguous with respect to retroactive application is construed to be unambiguously prospective. (*Id.* at p. 324.)

*Estrada* established an exception to this general rule. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195, disapproved on another point in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) *Estrada* held: "When the Legislature amends a statute so as to

11

lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada, supra,* 63 Cal.2d at p. 745; *People v. Hajek and Vo, supra,* at pp. 1195-1196.) *Estrada* is "properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments. [Citation.]' [Citation.]" (*People v. Hajek and Vo,* at p. 1196.)

Our Supreme Court's recent decision in *People v. Conley* (June 30, 2016, S211275) __ Cal.4th __ [2016 Cal. Lexis 4578]), suggests the *Estrada* presumption simply does not apply to Proposition 47. In *Conley,* the defendant was sentenced under the Three Strikes law. While his appeal was pending, the electorate enacted the Three Strikes Reform Act of 2012 (the Reform Act), which included a resentencing provision (§ 1170.126) very similar to that created by Proposition 47. The defendant argued that because his judgment was not final when the Reform Act was enacted, he was entitled to automatic resentencing. (*Conley, supra,* __ Cal.4th at p. __ [2016 Cal. Lexis 4578, at pp. *2, 6-8, 10].) Our Supreme Court disagreed. It reasoned that, unlike the statute at issue in *Estrada,* "the Reform Act is not silent on the question of retroactivity. Rather, the Act expressly addresses the question in section 1170.126, the sole purpose of which is to extend the benefits of the Act retroactively. . . . By its terms, [section 1170.126] draws no distinction between persons serving final sentences and those serving nonfinal sentences, entitling both categories of prisoners to petition courts for recall of sentence under the Act." (*Conley,* at p. __ [2016 Cal. Lexis 4578, at pp. *13-14].) "The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body

12

ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not. [Citation.] In enacting the recall provision, the voters adopted a different approach. They took the extraordinary step of extending the retroactive benefits of the [Reform Act] beyond the bounds contemplated by *Estrada*—including even prisoners serving *final* sentences within the Act's ameliorative reach—but subject to a special procedural mechanism for the recall of sentences already imposed. In prescribing the scope and manner of the Act's retroactive application, the voters did not distinguish between final and nonfinal sentences, as *Estrada* would presume, but instead drew the relevant line between prisoners 'presently serving' indeterminate life terms—whether final or not—and defendants yet to be sentenced." (*Id.* at pp. __ [2016 Cal. Lexis 4578, at pp. *14-15].) The nature of the recall mechanism "call[ed] into question the central premise underlying the *Estrada* presumption . . . ." (*Id.* at p. __ [2016 Cal. Lexis 4578, at pp. *15].) "Where, as here, the enacting body creates a special mechanism for application of the new lesser punishment to persons who have previously been sentenced, and where the body expressly makes retroactive application of the lesser punishment contingent on a court's evaluation of the defendant's dangerousness, we can no longer say with confidence, as we did in *Estrada*, that the enacting body lacked any discernible reason to limit application of the law with respect to cases pending on direct review." (*Id.* at pp. *16-17.) As applied here, *Conley*'s reasoning suggests that the fact Edwards's judgment on his current convictions was not yet final when his priors were redesignated is irrelevant.

Moreover, even assuming *Estrada* applies in the context of Proposition 47, its application is not warranted here. Section 667.5 enhancements arise from a defendant's status as a recidivist. (See generally *People v. Gokey* (1998) 62 Cal.App.4th 932, 936.) The purpose of a section 667.5, subdivision (b) enhancement is to punish individuals who have shown that they are hardened criminals who are undeterred by the fear of prison. (*People v. Abdallah, supra,* 246 Cal.App.4th at p. 742; *In re Preston, supra,* 176 Cal.App.4th at p. 1115.) A defendant who refuses to reform after serving time in

prison is more dangerous than one who simply commits, in the first instance, one of the theft or drug offenses affected by Proposition 47. There is no reason to assume or infer the electorate intended Proposition 47 to ameliorate punishment for recidivists who fall within the parameters of section 667.5, subdivision (b). As explained *ante,* Proposition 47 did not amend section 667.5, nor did it expressly provide for a collateral challenge to sentence enhancements. Nothing in the ballot materials indicates an intent to allow for the retroactive collateral consequences at issue here. Therefore it cannot readily be inferred that, vis-a-vis application of provisions enhancing punishment due to a defendant's recidivism, the electorate has indicated a section 667.5 enhancement based on one of the affected offenses was too harsh. *In re Kirk* (1965) 63 Cal.2d 761, cited by Edwards, does not address the situation here, i.e., the application of *Estrada* to an enhancement provision.

Edwards argues that the electorate's clear purpose in enacting Proposition 47 was to reduce punishment for petty crimes, thereby saving money on incarceration costs and alleviating prison overcrowding. He reasons that interpreting section 1170.18 to prohibit section 667.5, subdivision (b) sentence enhancements based on such petty crimes would promote Proposition 47's purpose and intent. But where the statutory language is plain and unambiguous, as is the case with section 1170.18, "there is no need for construction and the judiciary should not indulge in it." (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925; *People v. Jones, supra,* __ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *8]; *People v. Vasquez* (2016) 247 Cal.App.4th 513, 519.) In any event, giving redesignations retroactive effect in regard to section 667.5, subdivision (b) enhancements would require a court to resentence on any offense – including violent crimes – if an enhancement is predicated on a redesignated offense. This would undercut the electorate's intent that persons convicted of crimes such as murder, rape, and child molestation not benefit from Proposition 47. (See Voter Information Guide, General Election (Nov. 4, 2014) § 3, subd. (1), p. 70.)

Edwards further argues that section 1170.18 lists only one exception, that for firearm ownership and possession. From this, he reasons that the canon of statutory

construction *expressio unius est exclusio alterius* suggests the voters did not intend for any other exception to apply. But the fact that the electorate excepted firearm ownership from the "misdemeanor for all purposes" language does not clearly imply it intended to allow the retroactive collateral consequences Edwards advocates. A limitation on how the statute applies is not an indicator the electorate intended section 1170.18 to be free of temporal limitations.

Nor are we persuaded that the directives in sections 15 and 18 of Proposition 47, that the initiative's provisions should be "broadly" and "liberally" construed, require the result Edwards seeks. (Voter Information Guide, General Election, *supra*, Text of Proposed Laws, §§ 15, 18, p. 74.) The "legislative intent in favor of the retrospective operation of a statute cannot be implied from the mere fact that the statute is remedial and subject to the rule of liberal construction." (*DiGenova v. State Board of Education* (1962) 57 Cal.2d 167, 174.) In the absence of express language in section 1170.18 allowing the "retroactive dismissal or striking of enhancements," we cannot infer voters intended Proposition 47 to apply retroactively to invalidate sentence enhancements based on offenses now designated as misdemeanors. (*People v. Jones, supra,* __ Cal.App.4th at p. __ [2016 Cal.App. Lexis 550, at p. *12].)

Finally, the rule of lenity does not compel a contrary result. The rule of lenity applies as a tie-breaking principle where two reasonable interpretations of a statute stand in relative equipoise. (*People v. Ramirez* (2014) 224 Cal.App.4th 1078, 1085.) The rule applies only when a reviewing court can do no more than guess at what the Legislature, or electorate, intended. (*Id.* at p. 1086; *People v. Manzo* (2012) 53 Cal.4th 880, 889.) In our view, there are not two equally reasonable interpretations of section 1170.18 at issue here.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



EDMON, P. J.



HOGUE, J.*


---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16