Filed 12/22/16

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078996 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05826) |
| v. | |
| TOMMIE LEE KINDALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Geoffrey A. Goodman, Judge.  Affirmed as modified.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Angelo S. Edralin, Deputy Attorney General, for Plaintiff and Respondent.

_____

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Parts I and III.

1

A jury found defendant Tommie Lee Kindall guilty of felony battery causing serious bodily injury, misdemeanor assault, and misdemeanor domestic violence. (Pen. Code, §§ 240, 243, subds. (d) & (e)(1).)[1] After the verdicts, but before a court trial on the prior prison term enhancements (§ 667.5, subd. (b)), another trial court reduced three of defendant's alleged prior convictions to misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act (the Act).

The trial court presiding over defendant's case (Goodman, J.) subsequently found after a court trial that defendant had served seven separate prior prison terms, three of which were based on the three drug convictions (Health & Saf. Code, § 11350, subd. (a)) that had already been reduced. The court sentenced defendant to the upper term of four years for the felony battery count, and enhanced the sentence by seven years for the seven prior prison terms. The court ordered defendant to serve nine years in county jail, followed by two years of supervised release. Defendant timely appealed.[2]

On appeal, defendant contends (1) his trial attorney was ineffective because he did not object to prosecutorial misconduct in argument; (2) the three prior prison term enhancements based on sentences for felonies previously reduced to misdemeanors should have been stricken; and (3) the restitution fine is incorrectly set forth in the abstract of judgment. The People agree with the latter point, and so do we.

As we explain in the published portion of our opinion, we also agree with defendant's second point, because at the time of the three reduced priors' *adjudication* as prior prison terms, the charges on which the prison terms were based had *already been*

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant's attorney requested a certificate of probable cause regarding the prison priors, although defendant had not pleaded guilty or admitted them. Thus, there was no basis for counsel's request. (Cf. § 1237.5; *People v. Meals* (1975) 49 Cal.App.3d 702, 708.) Accordingly, the trial court properly declined to act on it.

2

*reduced* to misdemeanors for all purposes. Simply put, these three prior convictions were no longer previous *felony* convictions at the time the trial court adjudicated them as such in order to find the prior prison term allegations true.

We shall modify the judgment and affirm, directing the trial court to amend and correct abstract of judgment.[3]

## FACTS AND PROCEDURE

We briefly summarize the evidence as agreed by the parties. On September 2, 2014, defendant and his cohabitant, both intoxicated, argued and he kicked her in the back and then hit her with a hammer. She testified at trial that she had grabbed the hammer and her injuries were accidentally self-inflicted, but she had made contrary statements implicating defendant both to the police and to medical personnel, and there was evidence defendant communicated to her while in custody to encourage her to testify in his favor. The defense was based not only on the victim's in-court testimony, but also the testimony of a witness who testified he saw the victim trip and fall, causing her to hit herself with a hammer, testimony of a victim's advocate that the victim claimed she hurt herself, and defendant's testimony denying he hurt her. Defendant conceded he had been convicted of a misdemeanor when he had *accidentally* hit the victim in the past, claiming he had been "railroaded" into admitting a crime although he had not done anything wrong during that incident; he was impeached with two felony convictions.

The victim characterized the prior uncharged incident in August 2013 as "[a]nother night of drunken anger and stupidity." She denied defendant punched her in the face several times, but admitted she had called 911, and identified photographs

---

[3] The trial court erroneously stayed *imposition* of sentence on the misdemeanor counts, instead of imposing and then staying *execution* of sentence on those counts, as required by section 654. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1472.) However, the parties raise no issue about this mistake, thus we do not address it further.

3

depicting her injuries at that time. She claimed she and defendant had been struggling over a bicycle and its handlebars struck her. In the uncharged case, she had written a letter recanting her claim that defendant hit her.

A victim advocate, with a master's degree in counseling and a bachelor's degree in psychology, testified about a "cycle of violence" consisting of a building of tension in a relationship, an act of violence, and a "honeymoon phase" where the parties reconcile, and a "lot of times there is denial and minimizing" and people will "assume that it won't happen again."

## DISCUSSION

### I

#### Ineffective Assistance of Counsel

Acknowledging that his trial attorney failed to object to purported prosecutorial misconduct during closing argument, defendant claims the misconduct claim is not forfeited because his attorney was ineffective in failing to object.

" 'To preserve a claim of prosecutorial misconduct for appeal, a defendant must make a timely and specific objection and ask the trial court to admonish the jury to disregard the improper argument.' " (*People v. Linton* (2013) 56 Cal.4th 1146, 1205.) A court will excuse a defendant's failure to object only if an objection would have been futile or if an admonition would not have cured the harm caused by the misconduct. (*People v. Hill* (1998) 17 Cal.4th 800, 820.) Here, neither exception to the rule requiring a timely objection to purported misconduct in argument applies.

To prevail in showing ineffectiveness of counsel, a defendant must show his attorney acted below the standards of professional competence *and* that there is a reasonable probability he would have obtained a more favorable result in the absence of counsel's failings, that is, if counsel had objected and sought admonitions. (See *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218.) But an attorney need not make every arguable objection and a trial attorney does not have the luxury of the appellate attorney to

4

research each possible issue. (See generally *People v. Eckstrom* (1974) 43 Cal.App.3d 996, 1000-1003.) And where the record shows trial counsel's actions reflected reasonable tactical choices, defendant's claims of ineffective counsel are not cognizable on direct appeal. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

During argument, the prosecutor began by explaining domestic abuse can be complicated because a victim may continue to love the abuser and hope things will change, and cited the victim herein as "a textbook example of the cycle of violence that the victim advocate . . . talked about." He continued by pointing out that in the prior incident, after defendant punched the victim in the face, she recanted and claimed her face was hit by a bicycle by accident, and argued she similarly recanted in the current case. "The first time involved punches to the face. The second time is the hammer to the eye. *Who knows what happens the third and fourth and fifth time.* [The victim] deserves our legal protection whether she wants it or not." (Italics added.) Later, when discussing the instruction about the uncharged incident, the prosecutor stated: "*So, in plain terms, what that means is, he did it before, he's likely to do it again.* It's a pattern. It's about dominance and control, and through these jail calls and through these emails you see that dominance and control coming through loud and clear. I'll do whatever you want me to do." (Italics added.)

On appeal, defendant argues these last two passages, particularly the italicized portions, are improper speculation about future violence, references to facts not in evidence, and appealing to the jury's passion about community safety and what future harm might befall the victim if defendant were not convicted by this jury. We disagree that the comments were improper.

The first comment was accurately tethered to the facts of the case, showing two recantations by the victim due to her continued love for an abusive companion, and emphasized that the jury's duty was not to adhere to her wishes that defendant not be

5

punished, but to apply the law to the facts, thus, giving her "legal protection" even if she was willing to continue being victimized.

The second comment accurately described the effect of the court's instruction on the uncharged act evidence. The trial court gave the pattern instruction on the limited use of the prior domestic violence conviction (CALCRIM No. 852), in part instructing that *if* the jury found the prior domestic violence occurred, "you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence; and, based on that decision, also conclude that the defendant was likely to commit and did commit the charges in this case. [¶] If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the charges in this case. The People must still prove each element of every charge beyond a reasonable doubt." The court also gave an abbreviated admonition about the evidence before it was presented to the jury, again emphasizing: "You cannot convict the defendant of the current charges simply because he did some similar thing before."

The prosecutor's second set of challenged comments argued that the jury could infer that defendant had a propensity to hit the victim and therefore did so *on this occasion*. The argument was not that the jury should convict defendant to protect society even if the jury did not find there was sufficient evidence to support the current charge.

Thus the comments were appropriate argument. Further, even if defendant's trial counsel were inclined to object, counsel could well conclude that objections to either of these passages would be futile, or even worse, might highlight weaknesses in the defense case. Instead, in reply to the prosecutor's argument, defense counsel emphasized the victim's drunkenness on both occasions, and her lack of credibility, arguing she made false allegations in 2013 and in the present incident. Counsel argued that *defendant* was the victim of the cycle of violence, based on testimony he had a disability and was

6

financially dependent on the victim. These tactics were effective, as the jury *acquitted* defendant of more serious charged offenses of assault with a deadly weapon (the hammer) and domestic violence with an allegation of infliction of great bodily injury. (§§ 245, subd. (a)(1), 273.5, 12022.7, subd. (e).)

The record on appeal does not establish ineffectiveness of trial counsel.

## II

### *Claim of Sentencing Error*

Defendant contends that because the felony drug charges underlying three of his prior prison terms had been redesignated as misdemeanors under Proposition 47 before the priors were adjudicated, he should not have been subject to additional punishment for those three prior prison terms. (§ 667.5, subd. (b).) He contends that Proposition 47 not only entitled him to reduction of those convictions to misdemeanors, but also precluded the use of the prison terms based thereon to enhance the sentence for his current felony.

On the specific timeline presented by this case, we agree. Although defendant's current crime of felony battery was *committed* prior to the reduction of the felony offenses used to enhance his sentence to misdemeanors, which the People argue is sufficient to qualify him for the enhancement, by the time the enhancements at issue were *adjudicated*, the offenses were misdemeanors for all purposes. The delay in the second portion of the bifurcated trial until *after* the priors at issue were reduced resulted in the absence of one of the essential elements of a prior prison term finding--that defendant "was previously convicted of a felony." (*People v. Tenner* (1993) 6 Cal.4th 559, 563.) As we will explain, these three prior convictions were no longer previous *felony* convictions at the time the trial court adjudicated them as such. Instead, they were previous *misdemeanor* convictions, for all purposes going forward.

7

Proposition 47 in part provides that persons who have completed felony sentences for certain offenses may apply to have their convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) In such cases, the convictions "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) Defendant properly invoked this provision.

In *People v. Rivera* (2015) 233 Cal.App.4th 1085, the appellate court addressed whether Proposition 47 deprived it of jurisdiction in a case where a felony conviction was later designated a misdemeanor or where the defendant was resentenced as a misdemeanant under the Act. (*Id.* at p. 1089.) *Rivera* found that section 1170.18, subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors, should be interpreted in the same way as being prospective. (*Rivera,* at p. 1100.) *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after Proposition 47 was passed, thereby conferring jurisdiction on the Court of Appeal. (*Id.*, at pp. 1094-1095, 1099-1101.) Although *Rivera* addressed section 1170.18, subdivision (k) in a different context than in this case, its retroactivity analysis is sound: reduction of a felony to a misdemeanor does not apply retroactively.

Here, however, because the very *adjudication* of the prior convictions was delayed, the instant case was in a very different procedural posture. Here, at the time the trial court was called upon (in the court trial on the priors) to find the elements of the enhancement, it could no longer properly find that defendant had sustained the prior *felony* convictions alleged. Instead, the three reduced felonies were misdemeanors for all purposes. Simply put, at the time of the charged priors' adjudication, defendant had sustained *misdemeanor* convictions for the three drug charges at issue rather than felonies. There was no need to "look back" and read any retrospective effect into the Proposition 47 reductions; there was only the need to acknowledge the reductions going forward, as the statute requires through its "for all purposes" language.

8

Defendant relies in part on *People v. Park* (2013) 56 Cal.4th 782, in which our Supreme Court held that a felony conviction reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support a prior serious felony enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Section 17 contains the same "misdemeanor for all purposes" language as section 1170.18, subdivision (k). As the People point out, *Park* did not involve a felony reduced to a misdemeanor *after* the present crime had been committed, and it distinguished that scenario in clear terms: "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park,* at p. 802.) The People argue that because defendant in this case committed his current felony before any of his prior convictions were reduced to misdemeanors, applying the reductions to eliminate the corresponding prior prison term enhancements would be an impermissible retroactive application of Proposition 47.

As we have explained, the procedural posture of this case is different than *Park*; indeed, it is different than any of the cases to which the parties have called our attention. However, we find *Park* instructive in the situation we find ourselves, because here, like *Park*, three of defendant's prior convictions which were *no longer* previous felony convictions were construed as felonies *going forward* merely because they were felonies in the past. *Park* instructs that this "once a felony, always a felony" interpretation cannot be reconciled with the "misdemeanor for all purposes" language. The dicta from *Park* cited above does not govern the instant case, because it does not speak to the *adjudication* of the priors, and the required findings regarding the convictions at issue *at the time the truth of the allegations is found*, which is the question we must answer here. Similarly, the case on which the People rely in their briefing to describe a "trigger date" for the priors' application concerned an entirely different question than that at hand here.

9

*People v. Weeks* (2014) 224 Cal.App.4th 1045, concerned the definition of a "completed" prison term for purposes of a section 667.5, subdivision (b) application, and did not address the question of a prior's post-reduction adjudication. It provides no guidance here.

Although we agree with the People that "[t]he purpose of the prior prison term enhancement of section 667.5, subdivision (b), is ' "to punish individuals" who have shown that they are "hardened criminal[s] who [are] undeterred by the fear of prison," ' " (*People v. Abdallah* (2016) 246 Cal.App.4th 736, 742), we do not ignore the plain language of the statute and its "for all purposes" requirement merely because the result of its application may not square with the apparent purpose of the enhancement. Nor are we permitted to ignore the *Tenner* requirement that the People prove a (previous) felony conviction in order to prove a (current) prison prior. Once the felony priors at issue here were reduced to misdemeanors, they had ceased to exist as felonies for all purposes *moving forward*. Thus, when moving forward with the second half of the bifurcated trial, after the felonies' reduction, the People had to prove under *Tenner* that defendant was previously convicted of those felonies. But the now-reduced convictions at issue had ceased to exist as felonies; in their place were previous *misdemeanor* convictions, *for all purposes*. These purposes include the adjudication of charged enhancements.

Accordingly, we modify the judgment to strike the three prior prison terms erroneously imposed.

### III

### *Correction to Abstract*

An abstract of judgment must fully and accurately capture all components of a defendant's sentence. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)

Here, the parties agree, and the record confirms, that there is a typographical error in the abstract. It states that the trial court ordered a restitution fine (§ 1202.4, subd. (b))

10

of "$33300," but on the record trial court ordered a fine of only $3,300.  We will direct the trial court to correct the abstract when it is amended to reflect the modification of judgment.

## DISPOSITION

The judgment is modified to strike the three prior prison terms previously imposed as described by this opinion.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended and corrected abstract of judgment and to forward a certified copy thereof to the Sacramento County Sheriff's Department.


/s/
Duarte, J.


We concur:


/s/
Butz, Acting P. J.


/s/
Renner, J.


11