Filed 2/2/17

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F071140 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F14901527) |
| STEVEN JAY JOHNSON, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Michael L. Pinkerton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

On January 24, 2014, Steven Jay Johnson (defendant) entered a business in Fresno and stole merchandise valued at $1,225.  On February 18, 2014, he entered into a plea agreement in Fresno County Superior Court case No. F14901527 (the current case) whereby he pled no contest to felony grand theft involving property with a value exceeding $950 (Pen. Code,[1] § 487, subd. (a)) and admitted having served three prior prison terms (§ 667.5, subd. (b)), one of which resulted from his 2010 conviction for three counts of second degree commercial burglary (§§ 459, 460, subd. (b)).  In return for the plea, the People dismissed a count of second degree commercial burglary and a separate case, and agreed to have the five-year term, to which the parties stipulated, run concurrent with the sentence in a misdemeanor matter.  On March 18, 2014, defendant was sentenced to five years pursuant to section 1170, subdivision (h)(5), calculated as the middle term of two years for the current offense plus one consecutive year for each of the prior prison term enhancements.[2]

On November 4, 2014, voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (Proposition 47 or the Act), which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  The Act reduced certain felony or wobbler drug- and theft-related offenses to misdemeanors, unless committed by an ineligible defendant.  (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; see § 1170.18, subd. (i).)  Insofar as is pertinent here, it also provided a mechanism by which a person who has completed his or her sentence for a conviction of a felony that was made a misdemeanor by the Act, can apply to the trial court that entered the judgment of

---

[1]    All statutory references are to the Penal Code.

[2]    The court ordered that three years of the imposed term be served in the Fresno County Jail, followed by two years of mandatory supervised release.

2.

conviction and have the felony offense designated as a misdemeanor. (§ 1170.18, subds. (f), (g).)

One of the felonies reduced to a misdemeanor by the Act was second degree commercial burglary. Now if a person "enter[s] a commercial establishment with intent to commit larceny while that establishment is open during regular business hours" and takes or intends to take property with a value not exceeding $950, that person has committed shoplifting, absent circumstances not present here. (§ 459.5, subd. (a).) This change affects the convictions underlying one of defendant's prior prison term enhancements. We hold, however, that a previously imposed sentence enhanced by a section 667.5, subdivision (b) prior prison term is not altered by the granting of a Proposition 47 application reducing the felony that gave rise to that prior prison term to a misdemeanor. Accordingly, although the trial court should have formally designated defendant's 2010 convictions as misdemeanors, it correctly refused to alter defendant's current sentence.

## PROPOSITION 47 PROCEEDINGS

Proposition 47 went into effect on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a).) On November 12, 2014, defendant filed a handwritten "Petition Request" seeking reclassification of his current grand theft offense to a misdemeanor.

On December 2, 2014, defendant's attorney filed a formal motion to recall defendant's sentence under Proposition 47, declare his current grand theft offense to be a misdemeanor, and have defendant immediately released from custody. The People opposed the motion on the ground the property stolen was valued at over $1,000.

A hearing was held on defendant's motion on December 17, 2014. Defense counsel acknowledged she had no evidence to controvert the information contained in the probation report that the property taken was above the $950 threshold, but she requested a continuance to check defendant's prior record. She asserted one of his 2010 convictions was potentially reducible to a misdemeanor, which could affect the

3.

sentencing in the current case. The court granted the request. The prosecutor confirmed with the court that the continued hearing would be to address whether defendant's 2010 convictions in Fresno County Superior Court case No. F10901079 were reducible to misdemeanors under Proposition 47 and, if reduced, whether that reclassification invalidated the use of the resulting prison commitment as a section 667.5, subdivision (b) enhancement.

Through counsel, defendant filed a supplemental motion to recall his sentence. Defendant requested that the court declare his 2010 convictions in case No. F10901079 to be misdemeanors, and resentence him in his current case without the section 667.5, subdivision (b) enhancement that was based on his 2010 case. The People responded that they did not oppose defendant's application to designate his three burglary convictions in case No. F10901079 as misdemeanors. However, they objected to defendant's motion to strike or dismiss any enhancement imposed pursuant to section 667.5, subdivision (b) in defendant's current case as a result of those convictions.

A further hearing was held on March 4, 2015. The court observed defendant had abandoned his claim that his current offense should be reclassified as a misdemeanor, and so the issue was whether defendant's section 667.5, subdivision (b) enhancement that was based on felony convictions for second degree burglary, was no longer valid because of the reduction of that crime to a misdemeanor under Proposition 47. After argument on that issue, the court concluded reduction of the offense to a misdemeanor did not negate the status of the offender having served a prison term and being a recidivist subject to enhanced imposition of sentence. Accordingly, it denied the motion.

### DISCUSSION

The issue before us is whether the additional one-year term imposed by the trial court pursuant to section 667.5, subdivision (b), for defendant's prior convictions in case No. F10901079, must now be stricken because, subsequent to defendant's March 18, 2014, sentencing in the current case, those prior convictions were reduced to

4.

misdemeanors pursuant to section 1170.18, subdivision (f).[3]  Defendant says it must. The Attorney General disagrees, as do we.

Section 1170.18, enacted as part of Proposition 47, provides in pertinent part:

"(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

"(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

In 2010 defendant was convicted, in case No. F10901079, of second degree commercial burglary.  (§§ 459, 460, subd. (b).)  At the time, every form of second degree burglary was a "wobbler," meaning it could be a felony or a misdemeanor, depending on the punishment imposed.  (§ 461, former subd. 2; see § 17, subd. (a); *People v. Williams* (2010) 49 Cal.4th 405, 461, fn. 6.)  As defendant served a prison term for the offenses, they were classified as felonies.  (See § 17, subd. (b).)

---

**3**      It is clear the trial court and parties agreed defendant was entitled to have his convictions in case No. F10901079 designated as misdemeanors.  Although defendant expressly asked the trial court to declare them to be misdemeanors, the trial court apparently overlooked making a formal order to that effect.  Defendant asks us to remedy this oversight.  The Attorney General agrees that if we find defendant's request was for reclassification (we do) and it is unclear whether an order was entered to that effect (none was), then the 2010 convictions should be reduced to misdemeanors pursuant to Proposition 47.  So that the record is clear, we will direct the trial court to enter a formal order designating defendant's convictions in case No. F10901079 as misdemeanors.

The question whether a defendant is eligible for resentencing on a section 667.5, subdivision (b) enhancement after the underlying felony has been reclassified as a misdemeanor pursuant to Proposition 47, is pending review in the California Supreme Court.  (E.g., *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900.)

Proposition 47 added section 459.5 to the Penal Code. Under subdivision (a) of that statute, shoplifting is now "defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed" $950, and it "shall be punished as a misdemeanor," unless the offender has certain specified prior convictions.[4] According to the probation officer's report, defendant has no such prior convictions, and the Attorney General does not claim otherwise. Thus, had the Act been in effect when defendant committed the offenses for which he was convicted in case No. F10901079, he could only have been convicted of misdemeanor shoplifting under section 459.5, subdivision (a).

Subdivision (k) of section 1170.18 provides, in pertinent part:

"Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[5]

Defendant argues his convictions in case No. F10901079 are now misdemeanors "for all purposes" except certain firearm restrictions. (§ 1170.18, subd. (k).) We find *People v. Park* (2013) 56 Cal.4th 782 (*Park*) instructive.

In *Park*, the defendant's sentence for his current crimes was enhanced by five years under section 667, subdivision (a), based on his prior conviction of a serious felony. *Prior to* the defendant's commission of his current crimes, however, the trial court

---

[4]    The prior convictions enumerated in the statute are "for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 . . . ." (§ 459.5, subd. (a).)

[5]    The specified statutes contain restrictions and prohibitions on firearm possession for certain persons.

reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3).[6] (*Park*, *supra*, 56 Cal.4th at p. 787.)

In *Park*, the Court of Appeal held the conviction remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed: "[W]hen the court in the *prior proceeding* properly exercised its discretion by reducing the . . . conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park*, *supra*, 56 Cal.4th at p. 787, first italics added.)

In *Park*, the reduction occurred prior to the defendant's commission of his current crimes. (*Park*, *supra*, 56 Cal.4th at p. 787.) Here, the reduction to a misdemeanor pursuant to section 1170.18, subdivision (f) occurred *after* defendant's commission, conviction, and sentence for his current crimes. In *Park*, in response to an argument that *People v. Feyrer* (2010) 48 Cal.4th 426 (cited by the trial court here) and *People v. Banks* (1959) 53 Cal.2d 370 were contrary to its conclusion, the court stated: "There is no dispute that, under the rule in those cases, defendant would be subject to the section 667[, subdivision ](a) enhancement *had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor*." (*Park*, *supra*, 56 Cal.4th at p. 802, italics added.)

The issue before us is not whether defendant's convictions and prison commitment in case No. F10901079 can now be used to enhance a future sentence pursuant to section 667.5, subdivision (b), should defendant commit a new felony upon release from custody

---

[6]    Section 17, subdivision (b)(3) states in part, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . , it is a misdemeanor for all purposes . . . [¶] . . . [¶] . . . [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation . . . declares the offense to be a misdemeanor."

on his current sentence. Rather, the issue is whether defendant's current sentence, enhanced pursuant to section 667.5, subdivision (b), must now be altered because, *subsequent* to defendant's sentencing, the convictions that gave rise to that enhancement were reduced to misdemeanors pursuant to section 1170.18, subdivision (f). In other words, does the Act operate retroactively? To make that determination, we look to the language of section 1170.18 and to voter intent.

Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared." This language "erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective." ' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

An "important, contextually specific qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*People v. Brown*, *supra*, 54 Cal.4th at p. 323.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid*., fn. omitted.)

Although *Estrada*'s language is broad, the California Supreme Court has emphasized the rule's narrowness (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1196, disapproved on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216): "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application

8.

in a specific context by articulating the reasonable presumption that a legislative [or voter] act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments. [Citation.]" (*People v. Brown*, *supra*, 54 Cal.4th at p. 324.)

The question of retroactivity is ultimately one of legislative — or, in this case, voter — intent. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 312-313; see *People v. Nasalga* (1996) 12 Cal.4th 784, 793.) "To resolve this very specific retroactivity question, we apply the well-settled rules governing interpretation of voter intent[.]" (*People v. Shabazz*, *supra*, 237 Cal.App.4th at p. 313.) " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, . . . "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] . . . The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] . . . When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

The Act clearly was intended to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70), in order "to ensure that prison spending is focused on violent and serious offenses . . . ." (*Id*., § 2, p. 70.)[7] This purpose was conveyed to voters, both in the text of the then-proposed law and in the arguments supporting Proposition 47. (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 47, p. 38; *id*., rebuttal to argument against Prop. 47, p. 39; *id*., text of Prop. 47, §§ 2, 3, p. 70.)

---

[7] The voter guide can be accessed at <http://www.sos.ca.gov/elections/ voting-resources/voter-information-guides/> [as of Feb. 2, 2017].

Nowhere, however, do the Act or the ballot materials reference section 667.5, subdivision (b) or mention recidivist enhancements, and the Act made no amendments to any such provisions. Two of the Act's expressly stated purposes, however, are to "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses" that would be made misdemeanors by the Act, and to "[r]equire a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 3, subds. (4), (5), p. 70.) Voters were assured the Act would keep dangerous criminals locked up (Voter Information Guide, Gen. Elec, *supra*, argument in favor of Prop. 47, p. 38), and that it would not require automatic release of anyone: "There is no automatic release. [Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (*Id.*, rebuttal to argument against Prop. 47, p. 39.)

"Imposition of a sentence enhancement under . . . section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)[8]

---

[8]     Section 667.5, subdivision (b) currently provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of

"Sentence enhancements for prior prison terms are based on the defendant's status as a recidivist, and not on the underlying criminal conduct, or the act or omission, giving rise to the current conviction. [Citations.]" (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936; see *People v. Coronado* (1995) 12 Cal.4th 145, 158-159; *People v. Dutton* (1937) 9 Cal.2d 505, 507.) Thus, the purpose of an enhancement under section 667.5, subdivision (b) "is 'to punish individuals' who have shown that they are ' "hardened criminal[s] who [are] undeterred by the fear of prison." ' [Citation.]" (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.) The enhancement's focus on the service of a prison term "indicates the special significance which the Legislature has attached to incarceration in our most restrictive penal institutions." (*People v. Levell* (1988) 201 Cal.App.3d 749, 754.)

A person who refuses to reform even after serving time in prison is clearly and significantly more dangerous than someone who merely possesses drugs for personal use or shoplifts. We cannot conclude, from the language of the Act or the ballot materials, that voters deemed such persons to be nonserious, nondangerous offenders, and so intended the Act to reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment. Accordingly, section 3's default rule of prospective operation, and not *Estrada*'s narrow rule of retroactivity, applies.

*People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) does not lead to a different result. In that case, the defendant was convicted in 1966 of possessing marijuana. In 1977, he sold heroin. His sentence for the 1977 offense was enhanced by one year, pursuant to section 667.5, because of his 1966 conviction. (*Flores*, *supra*, at pp. 464,

_____

Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

470.)  On appeal, the defendant claimed the enhancement was improper under *Estrada*, because of a 1975 statutory amendment that made possession of marijuana a misdemeanor.  (*Flores*, *supra*, at p. 470.)  The appellate court agreed, finding the statutory language clear and unambiguous on the issue.  (*Id*. at p. 472.)  The court concluded:  "In view of the express language of the statute and the obvious legislative purpose, it would be unreasonable to hold that the Legislature intended that one who had already served a felony sentence for possession of marijuana should be subjected to the additional criminal sanction of sentence enhancement."  (*Id*. at p. 473.)  The court found the new laws constituted "a legislative declaration that the old laws were too severe for the quantum of guilt involved" (*ibid*.), and distinguished a situation in which the California Supreme Court refused to give retroactive effect to an amendment to section 17 in part because "[t]here was no suggestion there, as there is here, that the Legislature intended retroactive application" (*Flores*, *supra*, at pp. 473, 474).

In *Flores*, as in *Park*, and in contrast to the present case, the current offense was committed *after* the earlier offense was reduced to a misdemeanor.  Moreover, the Act contains no clear expression with respect to retroactivity as was found in *Flores*.  The closest it gets is the statement, in subdivision (k) of section 1170.18, that "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered *a misdemeanor for all purposes*, except [specified firearm laws]."  (Italics added.)

This language, the italicized portion of which is identical to that contained in section 17, subdivision (b), is not necessarily conclusive, however.  (*Park*, *supra*, 56 Cal.4th at pp. 793, 794.)  It has not been read to mean a defendant can avoid an imposed sentence enhancement in his current sentence by having the prior offense subsequently reduced to a misdemeanor.  (*Id*. at p. 802.)  Nothing in the language of the Act or the ballot materials indicates an intention to override the operation of section 667.5, subdivision (b), at least retroactively.

12.

Defendant served a prison term for the prior convictions at a time the offenses were felonies. It is the service of that prison term, coupled with defendant's continuing recidivism, that section 667.5, subdivision (b) punishes. Absent a clear statement of the electorate's intent to the contrary — which we do not find — we conclude that, because defendant served a prison term for his convictions in case No. F10901079 at a time when the offenses were felonies, and had his current sentence enhanced accordingly *before* the convictions were reduced, he is not entitled to relief.

This conclusion does not render surplusage or eviscerate the "for all purposes" language of section 1170.18, subdivision (k). Our determination is one of the electorate's intent. "Rules such as those directing courts to avoid interpreting legislative enactments as surplusage are mere guides and will not be used to defeat legislative intent. [Citations.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) Moreover, "ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent. [Citation.]" (*Id.* at p. 783.)

## **DISPOSITION**

The order denying the motion to recall defendant's sentence in Fresno County Superior Court case No. F14901527 and to resentence defendant in that case is affirmed. The trial court is directed to issue an order formally designating defendant's convictions for second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)) in Fresno County Superior Court case No. F10901079 as misdemeanor shoplifting (Pen. Code, § 459.5, subd. (a)).

_____

DETJEN, J.

WE CONCUR:


_____

GOMES, Acting P.J.


_____

POOCHIGIAN, J.

14.