Filed 3/14/17

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GEORGETTE MAE CALL,<br><br>    Defendant and Appellant. | F071500<br><br>(Super. Ct. No. LF010286A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Peter W. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion.

## INTRODUCTION

After a jury convicted Georgette Mae Call (defendant) of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine for sale (*id*., § 11378) (the new offenses), and after three prior prison term enhancement allegations were found true in a bifurcated court trial (Pen. Code, § 667.5, subd. (b)), those prior convictions were reduced to misdemeanors pursuant to Proposition 47, "the Safe Neighborhoods and Schools Act" (Proposition 47 or the Act).[1] The reduction occurred prior to defendant's sentencing on the new offenses. On appeal, defendant asserts the imposition of those three prior prison terms at her sentencing on the new offenses was error. In the published portion of this opinion, we agree with defendant. Even though the prior convictions were felonies when defendant committed the new offenses, and even though the prior prison term allegations were adjudicated prior to the convictions being reduced to misdemeanors, the reductions occurred prior to defendant's sentencing. Since, at the time of sentencing, the prior convictions were no longer felonies, the prior prison term enhancements could not be imposed. In the unpublished portion of this opinion, we hold certain fees and related penalty assessments must be stayed as they were imposed on a count the sentence for which was stayed pursuant to section 654. We therefore modify the judgment and remand for resentencing.

## PROCEDURAL HISTORY

On October 28, 2014, an information was filed in Kern County Superior Court, charging defendant with three offenses committed on or about August 30, 2014: transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1), possession of methamphetamine for sale (*id*., § 11378; count 2), and possession of

---

[1]     Further statutory references are to the Penal Code unless otherwise stated.

methamphetamine (*id.*, § 11377, subd. (a); count 3).[2]  As to each count, it was alleged defendant had served three prior prison terms (§ 667.5, subd. (b)) based on three convictions for receiving stolen property (§ 496, subd. (a)).

On March 26, 2015, a jury convicted defendant of counts 1 and 2.  That same day, following a bifurcated court trial, the three prior prison term allegations were found to be true.  Defendant had Proposition 47 petitions pending at the time as to all three prior convictions.

On April 6 and 10, 2015, prior to defendant's sentencing, defendant's three prior convictions were redesignated and resentenced as misdemeanors pursuant to section 1170.18.  On April 17, 2015, she filed a motion to strike the section 667.5, subdivision (b) enhancements in her current case, arguing they could not be imposed because, under Proposition 47, it was now "as if [defendant had] never [been] committed to prison," and so the prior convictions could not serve as the basis for the enhancements.  The People opposed the motion, arguing, inter alia, that the fact an offense resulting in a prior prison term was now a misdemeanor under Proposition 47 did not change the validity of the enhancement because section 667.5, subdivision (b) was concerned with recidivist behavior.

The trial court denied defendant's motion, finding the People's analysis persuasive.  As to count 1, it sentenced defendant to four years in jail pursuant to section 1170, subdivision (a)(5), plus three years for the prior prison term enhancements.  Of the seven-year total, defendant was ordered to serve the first four years in custody and the remaining time on mandatory supervision.  The court then stayed the sentence on count 2 pursuant to section 654.

---

[2]     As the circumstances of the offenses are not pertinent to the issues on appeal, we dispense with a statement of facts.  Count 3 was ultimately dismissed on the People's motion.

3.

## DISCUSSION

### I[*]

#### FAILURE TO STAY FEES AND PENALTY ASSESSMENTS ON COUNT 2

The probation officer's report recommended imposition of a consecutive sentence, together with fees pursuant to Health and Safety Code sections 11372.5 and 11372.7 and attendant penalty assessments, on count 2.  Because, at sentencing, the parties waived reading of the imposition of fines and fees and relied on the probation officer's report, it is unclear whether the trial court intended to impose and stay the fees on count 2.  The sentencing minutes, however, reflect the imposition of the fees and penalty assessments, as delineated in the probation officer's report, as to the stayed count.

Defendant now contends the trial court pronounced an unauthorized sentence when it failed to stay the fees and attendant penalty assessments on count 2.  The People concede the laboratory analysis fee (Health & Saf. Code, § 11372.5), drug program fee (*id*., § 11372.7), and associated penalty assessments imposed as to count 2 must be stayed.  We agree.  (*People v. Sharret* (2011) 191 Cal.App.4th 859, 863-870; see *People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484; *People v. Tarris* (2009) 180 Cal.App.4th 612, 627-628; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1332.)

### II

#### IMPOSITION OF PRIOR PRISON TERM ENHANCEMENTS

Proposition 47 was enacted by voters on November 4, 2014, and went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  It reduced certain felony or wobbler drug- and theft-related offenses to misdemeanors, unless committed by a defendant who was ineligible because he or she had a prior conviction for a "super strike" offense specified in section 667, subdivision (e)(2)(C)(iv) or an offense requiring sex offender registration pursuant to

---

[*]     See footnote, *ante*, page 1.

4.

section 290, subdivision (c). (See § 1170.18, subd. (i); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Insofar as is pertinent here, it also provided a mechanism by which a person who completed his or her sentence for a conviction of a felony that was made a misdemeanor by the Act, could apply to the trial court that entered the judgment of conviction and have the felony offense designated as a misdemeanor. (§ 1170.18, subds. (f), (g).)

One of the felonies reduced to a misdemeanor by the Act was receiving stolen property with a value not exceeding $950. (§ 496, subd. (a).) This change affected the convictions underlying all three of defendant's prior prison term enhancements. The Attorney General argues the enhancements were properly imposed because, at the time defendant committed her current offenses, the prior felony convictions had not yet been reduced.

Section 1170.18 provides, in pertinent part:

> "(f) A person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

> "(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor. [¶] . . . [¶]

> "(k) Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm . . . ." (Italics added.)

Defendant contends that once her prior convictions were redesignated as misdemeanors under subdivision (g) of section 1170.18, they became misdemeanors "for all purposes" except certain firearm restrictions. Hence, they could not form the basis for enhancements that subsequently were imposed pursuant to section 667.5, subdivision (b).

In *People v. Johnson* (2017) 8 Cal.App.5th 111, petition for review pending (petn. filed Mar. 8, 2017) (*Johnson*), we held that where a sentence enhanced by a section 667.5, subdivision (b) prior prison term had already been imposed at the time the felony that gave rise to the prison term was reduced to a misdemeanor pursuant to Proposition 47, the redesignation of that prior felony did not alter the current sentence. (*Johnson*, *supra*, at p. 115.)  For guidance, we looked to the California Supreme Court's analysis in *People v. Park* (2013) 56 Cal.4th 782 (*Park*) of the analogous "misdemeanor for all purposes" language in section 17, subdivision (b)(3). (*Johnson*, *supra*, at pp. 118-119.)

In *Park*, the defendant's sentence for his current offenses was enhanced by five years, pursuant to section 667, subdivision (a), based on his earlier conviction of a serious felony.  Prior to the defendant's commission of his current crimes, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3).[3] (*Park*, *supra*, 56 Cal.4th at p. 787.)  Our high court held that "when the court in the prior proceeding properly exercised its discretion by reducing the . . . conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Ibid.*)  The court noted there was "a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Id.* at p. 795.)

---

**3**    Section 17, subdivision (b)(3) states in part:  "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . , it is a misdemeanor for all purposes . . .  [¶] . . . [¶] . . . [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation . . . declares the offense to be a misdemeanor."

In *Johnson*, we recognized that the reduction at issue in *Park* occurred prior to Park's commission of his current crimes, whereas in *Johnson*, the Proposition 47 reduction occurred after Johnson's commission of, conviction of, and sentence on, his current crimes. (*Johnson*, *supra*, 8 Cal.App.5th at p. 119; see *Park*, *supra*, 56 Cal.4th at p. 787.) We observed that the issue before us was not whether Johnson's prior convictions and prison commitment could be used to enhance a future sentence pursuant to section 667.5, subdivision (b), should he commit a new felony following his release from custody in his current case, but rather "whether defendant's current sentence, enhanced pursuant to section 667.5, subdivision (b), must now be altered because, *subsequent* to defendant's sentencing, the convictions that gave rise to that enhancement were reduced to misdemeanors pursuant to section 1170.18, subdivision (f). In other words, does the Act operate retroactively?" (*Johnson*, *supra*, at p. 119.) After examining the presumption of prospective operation contained in section 3, the qualification to this presumption set forth in *In re Estrada* (1965) 63 Cal.2d 740, voters' intent in enacting Proposition 47, and the purpose of an enhancement under section 667.5, subdivision (b) — to punish recidivists who have shown they are undeterred by fear of prison (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115, *People v. Gokey* (1998) 62 Cal.App.4th 932, 936) — we concluded Proposition 47 did not "reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment. Accordingly, section 3's default rule of prospective operation . . . applies." (*Johnson*, *supra*, 8 Cal.App.5th at p. 122.) We held: "Defendant served a prison term for the prior convictions at a time the offenses were felonies. It is the service of that prison term, coupled with defendant's continuing recidivism, that section 667.5, subdivision (b) punishes. Absent a clear statement of the electorate's intent to the contrary — which we do not find — we conclude that, because defendant served a prison term for his [prior] convictions . . . at a time when the offenses were felonies, and had his

7.

current sentence enhanced accordingly *before* the convictions were reduced, he is not entitled to relief." (*Id*. at p. 123.)

The case now before us stands in a markedly different posture than *Johnson*. The receiving stolen property convictions that resulted in defendant's prior prison terms were made "misdemeanor[s] for all purposes" except firearm restrictions (§ 1170.18, subd. (k)) prior to her sentencing. In other words, although Proposition 47 does not apply retroactively to alter a prior prison term enhancement *imposed before* the felony conviction underlying that prison term is reduced to a misdemeanor, it does act prospectively. The reduction, in effect, removes an element of a section 667.5, subdivision (b) enhancement, the element of having been "convicted of a felony."[4] (See *People v. Evans* (2016) 6 Cal.App.5th 894, 902, review granted Feb. 22, 2017, S239635.) With respect to defendant, this means that had the section 667.5, subdivision (b) enhancements already been imposed when her Proposition 47 petitions were granted and the underlying receiving stolen property convictions reduced to misdemeanors, she would not be entitled to relief. Because the underlying convictions were reduced prior to sentencing on defendant's current offenses, however, the requisite prior felony conviction no longer existed at the time of sentencing, and so imposition of the enhancements was error.

We recognize defendant's prior convictions had not yet been reduced to misdemeanors at the time the prior prison term enhancement allegations were adjudicated. (Cf. *People v. Kindall* (2016) 6 Cal.App.5th 1199, 1201, 1204-1205.) Moreover, in response to an argument that *People v. Feyrer* (2010) 48 Cal.4th 426 and

---

**4** "Imposition of a sentence enhancement under . . . section 667.5 requires proof that the defendant: (1) *was previously convicted of a felony*; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563, italics added.)

*People v. Banks* (1959) 53 Cal.2d 370 were contrary to its conclusion, the *Park* court stated: "There is no dispute that, under the rule in those cases, defendant would be subject to the section 667[, subdivision ](a) enhancement *had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor.*" (*Park*, *supra*, 56 Cal.4th at p. 802, italics added.)

Nevertheless, as we explained in *Johnson*, *supra*, 8 Cal.App.5th at page 120, the question of retroactivity is ultimately one of voter intent. Our task is to interpret and apply an initiative's language so as to effectuate that intent. (*Ibid*.; see *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.) *Park*, of course, did not deal with Proposition 47 or the voters' intent behind it.

It is readily apparent Proposition 47 was intended to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70), in order "to ensure that prison spending is focused on violent and serious offenses . . . ." (*Id*., § 2, p. 70.)[5] Voters were also concerned with public safety, however, and, as we explained in *Johnson*, nothing in Proposition 47's language or the related ballot materials indicates voters intended retroactively to override the operation of section 667.5, subdivision (b). (*Johnson*, *supra*, 8 Cal.App.5th at p. 123.)

The present case does not involve retroactive application, but rather prospective application. In our view, contrary to the situation that exists when a felony conviction underlying a prior prison term enhancement is reduced to a misdemeanor *after* the enhancement is imposed, imposing said enhancement after the underlying conviction is reduced would not comport with — and would be directly contrary to — voters' intent in enacting Proposition 47. (See *People v. Evans*, *supra*, 6 Cal.App.5th at pp. 902-904;

---

**5**    The voter information guide can be accessed at <http://www.sos.ca.gov/elections/voting-resources/voter-information-guides/> [as of Mar. 14, 2017].

*People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1182-1183; cf. *People v. Abdallah* (2016) 246 Cal.App.4th 736, 745-747.)  This is so even when the underlying felony convictions had not yet been reduced at the time the current offenses were committed.[6]

We recognize prior prison term enhancements are meant to punish the offender for his or her recidivism, and not for the underlying offense.  (*Johnson*, *supra*, 8 Cal.App.5th at pp. 121-122; *People v. Evans*, *supra*, 6 Cal.App.5th at p. 905; *People v. Abdallah*, *supra*, 246 Cal.App.4th at p. 748.)  This purpose factored into our decision in *Johnson*, where the prior prison term enhancement was imposed in connection with sentencing in Johnson's current case before the underlying conviction was reduced to a misdemeanor. It does not assist the Attorney General in the present case, however, because the language of section 667.5, subdivision (b) makes a felony conviction a necessary requirement for *imposition* of the enhancement.[7]  (*People v. Tenner*, *supra*, 6 Cal.4th at p. 563; *People v. Evans*, *supra*, 6 Cal.App.5th at p. 905.)

---

[6]     In passing, the Attorney General refers to defendant's prior offenses as not having been "reduced pursuant to the Act until November 2014, several months after [defendant] committed the current offense."  While a current offense may be reduced by operation of law, in light of Proposition 47's amendments to various theft- and drug-related statutes, reduction where a prior conviction is concerned requires a petition or application, depending on whether sentence for the conviction has been completed, and a ruling by the trial court.  (§ 1170.18, subds. (a), (b), (f), (g).)  Accordingly, reduction of an existing conviction occurs not when the Act went into effect, but when such application or petition is granted.

[7]     Section 667.5, subdivision (b) currently provides:  "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of

10.

The Attorney General calls our attention to *People v. Weeks* (2014) 224 Cal.App.4th 1045, which held that "the trigger date for . . . section 667.5, subdivision (b), is the date the new offense is committed." (*Id*. at p. 1051.) *Weeks* is not on point, as it concerned the definition of a "completed" prison term for purposes of a prior prison term enhancement. (*Id*. at pp. 1049-1050; see *People v. Kindall*, *supra*, 6 Cal.App.5th at p. 1205.)

As the California Supreme Court observed in *Park*, *supra*, 56 Cal.4th at page 794, "[O]ne of the 'chief' reasons for reducing a wobbler to a misdemeanor 'is that under such circumstances the offense is not considered to be serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime.' " By enacting Proposition 47, the electorate determined convictions for receiving stolen property should not be considered serious enough to be felonies, so long as the value of the property does not exceed $950 and the offender has no prior convictions for super strike offenses or offenses requiring sex offender registration. (§ 496, subd. (a).) Although voters evinced no intent to negate sentence enhancements pursuant to section 667.5, subdivision (b) imposed before the felony convictions underlying those enhancements were reduced to misdemeanors (*Johnson*, *supra*, 8 Cal.App.5th at p. 123, we are convinced the express language of section 1170.18, subdivision (k) — that a conviction reduced under Proposition 47 "shall be considered a misdemeanor for all purposes" except firearm restrictions — evinces such an intent going forward from the point of reduction.

---

Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

11.

## DISPOSITION

The judgment is modified by striking the three one-year enhancements imposed pursuant to Penal Code section 667.5, subdivision (b), and by staying, as to count 2, the fees imposed pursuant to Health and Safety Code sections 11372.5 and 11372.7 and the associated penalty assessments.  As so modified, the judgment is affirmed.  The matter is remanded to the trial court with directions to resentence defendant on the modified judgment.

_____
DETJEN, J.

WE CONCUR:


_____
GOMES, Acting P.J.


_____
PEÑA, J.

12.